Lipscomb, J.
The only grounds of relief-presented by the petitioner are the fraudulent representations of the plaintiff in the original suit in procuring the note sued on and the award of the arbitrators. Both of these could have been made available in the first suit, as they both existed and were known to the defendant before he withdrew his pleas and suffered a judgmeut by nil elicit. It was a strange misconception.of our system of jurisprudence to suppose that, by permitting the judgment to go against him after abandoning his defense, a more ample defense would be opened to him by resorting to the same court, only changing its denomination to a court of equity, as distinct from the one in which he had abandoned his defense. This distinction is repugnant to the principle enjoined by our Constitution, that all suits shall be tried without regard to any distinction between law and equity.” There was no ground of defense shown in the petition that could not have been set up in the original suit, and his waiver of his defense was, according to the case of Cartwright v. Roff, (1 Tex. R., 78,) tantamount to a confession of judgment, and was clearly an abandonment of every defense known to him or that ordinary diligence could have made known at the time.
If, however, a distinction between law and equity jurisdiction composed a part of our judicial system, the chancery jurisdiction could not have given him any relief. For it is au established rule of that court to grant no relief when the defense could have been full and complete in the trial at law. It has been before stated that both of the grounds relied on by the petitioner for relief might have been set up under our system in the original suit. And they could both have been set up even if the law and chancery jurisdiction had been separate. The courts of common law have concurrent jurisdiction in questions of fraud and misrepresentation, and the submission and award could have been pleaded puis darien continuance, and as such would have been a bar to the aetiou.
The case of Jones «..Fresh, decided by this court during its recent session at Galveston, was an attempt to go behind an award and open transactions embraced in it. We held that an award was equivalent in every respect lo a judgment between the same parties, and that in the language of Lord Chief Justice' De Grey, in the Dutchess of Kingston’s case, (11 State Trials, 201,) “Tt is as' *132 a plea, a bar, or as evidence conclusive between the same parties upon the same matter directly in question in another court..”
Note 45.—York v. Gregg, 9 T., 85; Gibson v. Moore, 22 T., 611.
But if a party fails both to set up an award by plea or to give it in evidence, he only furnishes another instance to the many thousands of a party sustaining loss by his negligence.
We are of opinion that the court below erred in granting the injunction and erred in the final decree., It is therefore reversed, and the petition ordered to be dismissed.
Reversed and dismissed.