[No. 2037. Decided February 24, 1896.]

ALEXANDER MAITLAND, *Appellant,* v. ANDREW ZANGA, *Respondent.*

LIMITATION OF ACTIONS — EXECUTORY CONTRACT — DEMAND — TRIAL — ADMISSION OF INCOMPETENT EVIDENCE — JUDGE AS WITNESS — PLEADING AND PROOF — ILLEGALITY OF CONTRACT.

An agreement to convey land being an executory contract, the statute of limitations will not begin to run as a bar to action thereon, until after a breach of the contract.

A demand upon the obligor in a contract for the conveyance of land to execute a deed to a third person for the benefit of the obligee in the contract is substantially a demand for the execution of the contract according to its terms.

Error in the admission of incompetent testimony on cross-examination will not be considered by the appellate court when the record does not contain the direct testimony upon which the cross-examination was based.

It is error for a judge presiding at the trial of a cause to testify therein, over the objection of a party.

Evidence to establish the illegality of a contract upon which an action is founded, cannot be introduced by a defendant who has not put the matter in issue by pleading it.

Appeal from Superior Court, Snohomish County.— Hon. JOHN C. DENNEY, Judge.　Reversed.

*Frank P. Lewis,* for appellant.

*John W. Miller,* and *D. W. Craddock,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This is an action for damages, founded

on an agreement to convey land; at least, we construe the contract to be an agreement to convey. The contract was executed on August 5, 1885. On November 26, 1889, something more than four years after the execution of the contract, the respondent, by warranty deed, conveyed said lands to one Roswell Skeel, a third party and *bona fide* purchaser, which deed was duly recorded.

The answer alleges affirmatively that the contract was a gift to take effect at respondent's death; alleges fraudulent representations, ignorance of defendant, etc. It also pleads the statute of limitations, and at the threshold of the case we may as well dispose of that question. It is contended by the respondent that this was an executed contract and that the statute of limitations began to run from the date of its execution; that more than six years having intervened between the date of the execution and the commencement of the suit, the appellant is barred by the statute. As we have before said, we do not construe this writing, which is an exhibit in the case, to be an executed contract, but an agreement to convey, and the statute of limitation would not commence to run until the breach of the contract on the part of the defendant. This breach was made when he sold the land to Skeel, thereby putting it out of his power to comply with his contract. The sale having been within six years the statute does not bar.

It is, however, also contended by the respondent that no demand was made upon him for the execution of the contract. The allegation of the complaint in that respect is :

"And on or about January 18, 1890, before the beginning of this action, the plaintiff duly tendered to the defendant a deed of the undivided one-half of

said lands described in said agreement from the defendant to one E. C. Kilbourne of Seattle, for the benefit of this plaintiff, to be executed and delivered by the defendant in pursuance and fulfillment of said agreement, and then and there demanded of the defendant that he execute and deliver said deed. But the defendant then and there refused to do so," etc.

It is the contention of the respondent that he was under no obligation, under the contract, to deed this land to any one but the appellant; but we think this is an unfounded contention. The allegation that the respondent was requested to execute the deed for the benefit of the appellant we think was substantially a demand for the execution of the deed to the appellant, and its execution would have been a perfect defense in an action either to enforce the contract or for damages for its breach.

Appellant alleges errors on the part of the court in admitting incompetent testimony on cross-examination of the appellant, but as the direct testimony of the appellant has not been brought here this court is unable to determine what relation the questions objected to on cross-examination bear to the testimony offered on the direct examination, and we do not feel warranted, therefore, in passing upon the questions raised.

During the progress of the trial, the presiding judge, at the request of the respondent and over the objections of the appellant, took the witness stand and testified concerning testimony offered by the appellant in some prior case involving the matter in dispute. This is assigned by the appellant as error, and while the authorities are somewhat conflicting on this proposition, we think the weight of authority and the better reasoning are opposed to the admission of such testimony. Respondent contends that because it is a

well established rule that jurors may testify in a case, there is no reason why the judge should not be allowed to do so. But it seems to us that there are many reasons why the judge should not be allowed to testify, that would not weigh in the case of a juror. If the defendant is entitled to the testimony of the judge, the plaintiff is equally entitled to his testimony, and it might eventuate, if this practice were to be tolerated, that the judge, upon a motion for a nonsuit, would be compelled to pass upon the weight of his own testimony, and considering the inclination of the human mind to attach more importance to its own statements than to those of others, it is easy to see that the rights of the litigants might be prejudiced in such a case. Again, while upon the witness stand, he would have a right to all the protection that any other witness has under the law. He could refuse to answer questions which in his judgment might tend to criminate him. He might decline to answer questions the admissibility of which it would be necessary for the court to determine and which would bring him as a witness in conflict with himself as a court. Again, it would to a certain extent lead to the embarrassment of the jury, who are subordinate officers of the court and under its directions, to have to weigh the testimony of the judge in the same scales with the testimony of other witnesses in the case whose testimony was opposed to that of the judge. And in many ways, it seems to us that this practice would lead to embarrassment and would have a tendency to lower the standard of courts and bring them into contempt. There is no necessity for this practice, for, under the liberal provisions of our laws, if a party desires to avail himself of the testimony of the judge, another judge may be called in to preside at the trial

of the cause.  We therefore think it was error on the part of the judge,. over the objection of the appellant, to testify in the cause.

The following instruction by the court is also alleged as error :

" You are further instructed, gentlemen of the jury, that if you find from the evidence in this case that this contract or receipt was executed in pursuance of a contract that was entered into prior to the time of the defendant making his final proof upon this piece of land, and that he entered into a contract at that time to furnish him with supplies and money, and that this receipt was a part of and grew out of that contract, then you will find for the defendant, for such contract was void."

This instruction was duly excepted to by the appellant, for the reason that no issue was made by the pleadings that would justify such an instruction; that there was no allegation in the answer that the contract was made in violation of public policy or of the public laws.  It is contended, however, by the respondent, that proof of the illegality of a contract may be admitted whether it is pleaded or not, and of course, if it were competent to admit testimony, it would be competent for the court to instruct upon its effect.

Many cases are cited by the respondent to sustain this contention, and some of them at first glance would seem to do so, but we are satisfied that they can all be distinguished from the case at bar, with the exception possibly of the first case cited, viz., *Sheldon v. Pruessner*, 52. Kan. 579 (35 Pac. 201).  There the rule was announced that the courts in the due administration of justice will not enforce a contract in violation of law or permit a plaintiff to recover upon a transaction against public policy, even if the invalidity of the contract or transaction be not specially pleaded.

This rule was announced upon the strength of *Oscan-yan v. Arms Co.*, 103 U. S. 261, but we think upon a misconception of what was decided by the United States supreme court in the case cited. There the court decided that where it was shown by the opening statement of counsel for the plaintiff that the contract on which the suit was brought was void as being either in violation of law or against public policy, the court would direct the jury to find a verdict for the defendant, notwithstanding the invalidity of the contract was not specially pleaded. The court in the course of its opinion said:

" In the trial of a cause the admissions of counsel, as to matters to be proved, are constantly received and acted upon. They may dispense with proof of facts for which witnesses would otherwise be called. They may limit the demand made or the set off claimed. Indeed, any fact, bearing upon the issues involved, admitted by counsel may be the ground of the court's procedure equally as if established by the clearest proof. And if in the progress of a trial, either by such admission or proof, a fact is developed which must necessarily put an end to the action, the court may, upon its own motion, or that of counsel, act upon it and close the case."

And the court gave the following illustration:

"If, on a trial for a homicide,  .  .  .  it should appear from the opening statement that the accused had been pardoned for the offense charged, it would be a waste of time to listen to the evidence of his original criminality."

But that is altogether a different proposition from the one at bar. It is presumed that counsel would properly state his case, and it ought to go to the court with all the force of a pleading, so far as admissions are concerned; and if the plaintiff admits, either by

7 — 13 WASH.

his own proof or by the admission of his counsel, that his cause of action arises *ex turpi causa,* he certainly ought not to be allowed to proceed with his action; for the plaintiff and defendant being *in pari delicto,* the time of the court should not be taken up in settling differences between them which grew out of illegal proceedings or contracts on the part of both.

But, while it is true that the courts will not enforce illegal contracts, the fact that such contract is illegal must be determined like any other fact, and to be fairly determined it must be made an issue by the pleadings, or be determined by the admission of the plaintiff or by testimony which, in the language of the supreme court of the United States, "must necessarily prove the illegality of the contract," as in the instance cited by the court, or where some public record was introduced which could not be disputed. In that event the reason for requiring it to be pleaded would not attach.

The next case cited by the respondent, viz., *Ah Doon v. Smith,* 25 Or. 89 (34 Pac. 1093), explicitly recognizes this principle. There it was held that where the plaintiff in an action on a contract discloses on his examination in chief the illegality of the contract, the case should be dismissed, though defendant did not specially plead such illegality; and the court in the course of its opinion says: "The question in this case then is as to whether the illegality of the pretended contract appeared from plaintiff's own case;" and expressly announces the rule that "a defendant who has not pleaded the illegality of the contract sued on has no right to offer evidence of such illegality;" but proceeds to say that, "no waiver by the defendant, or neglect to plead such defense can oblige the court to entertain an action founded upon an ille-

gal or immoral contract, when such illegality appears
in the case;" further on determining how it shall ap-
pear, viz., by the testimony of the plaintiff. And the
court there cites approvingly the case of *Buchtel v.
Evans*, 21 Or. 309 (28 Pac. 67), where it was expressly
held, upon a full view of the authorities, that the ille-
gality of a contract could only be made an issue where
it was pleaded by the defendant or shown by the proof
of the plaintiff.

No case cited by the respondent, or which we have
been able to find, goes to the extent of holding that,
in the absence of pleading the illegality of the contract
in defense, the defendant can introduce testimony to
establish its illegality; and, if they did so hold, we
should not be inclined to follow them, for it would be
in violation of a uniformly accepted rule of pleadings,
that the testimony must correspond with, and be re-
sponsive to, the allegations; and this is based upon
the sensible and just idea that a litigant is entitled to
know by the pleadings what proposition it is necessary
for him to prove or disprove in the trial of the cause.
It would certainly be opposed to all the rules of plead-
ing to allow a snap judgment to be taken upon a lit-
igant by springing a question concerning which he
had had no notice until after his case was submitted
to the court, and to which he had had no opportunity to
reply. This is an affirmative defense. To all affirma-
tive defenses the plaintiff has a right to reply, and to
make his reply effective by the introduction of testi-
mony to sustain it. If, as in *Oscanyan v. Arms Co.*,
*supra*, the plaintiff sees fit, either by admissions of
his attorney or by his own direct testimony, to bring
to the notice of the court the accepted fact that the
contract sued upon was an illegal one, of course he
cannot be heard to complain that the question of the

illegality of the contract was not raised by the pleadings, and that he has had no notice of such an issue in the cause, for he has seen fit to put the question in issue without notice.

For the two errors last discussed the judgment will be reversed and the cause remanded with instructions to grant a new trial.

ANDERS, GORDON and SCOTT, JJ., concur.

HOYT, C. J., concurs in the result.