POWERS *et al.* v. COOK. *et al.*

No. 4312.   Opinion Filed June 1, 1915.

(149 Pac. 1121.)

**JUDGES—Witnesses—Competency as Witness—Refusal to Disqualify.**
A trial judge of a court of record, before whom a cause is tried with a jury, cannot testify for one of the parties thereto, over the objection of the other, as to a material point at issue; and where, when the cause is called for trial, the plaintiff presents a proper application requesting him to disqualify on account of the fact that he will be used by the defendant as a witness on a material point at issue, which motion is overruled, and he then tries the case and testifies for the defendant on a material point at issue, his action in overruling said application is prejudicial error and fundamentally wrong.

(Syllabus by Dudley, C.)

*Error from County Court, Beckham County;*

*John C. Hendrix, Judge.*

Action by J. A. Powers against R. K. Cook and others. Judgment for defendants, and plaintiff brings error, and, dying, the action is revived in the name of Matilda A. Powers and C. P. Hamilton, executors of the estate of J. A. Powers, deceased. Reversed and remanded. .

*Percy Powers* and *Keaton, Wells & Johnston,* for plaintiffs in error.

*Dudley B. Madden,* for defendants in error.

Opinion by DUDLEY, C.  On December 14, 1911, J. A. Powers commenced this action, in the county court of Beckham county, against the defendants in error to recover judgment against them for the amount due upon a promissory note of $337.50, dated November 15, 1910, signed by them, due and payable to the order of the said J. A. Powers one year thereafter, bearing interest at the rate of 10 per cent. per annum from date until paid. Issues were joined and the case tried to the court and jury, resulting in a judgment in favor of the defendants in error.  From this judgment the said J. A. Powers perfected an appeal to this court.  Since filing the petition in error here, the said J. A. Powers died, and Matilda A. Powers and C. P. Hamilton were appointed executors of his estate, and, by an order of this court, said action has been revived in their names, as executors of the estate of said deceased.

On the trial of the case, the defendants in error admitted the execution of the note sued upon, but claimed that when it was executed it bore interest at the rate of 10 per cent. from maturity, and that since its execution

and delivery it has been changed and altered, without their consent or knowledge, so as to read, "10 per cent. from date," and that by reason of this alteration they were not liable upon said note.

It seems that prior to the institution of this action, the said J. A. Powers sent the note to the Beckham County Bank for collection, and, while the note was in the possession of the bank, one of the defendants in error secured possession of it and showed it to the Hon. John C. Hendrix, the county judge before whom this case was tried, prior, however, to his election and qualification as county judge, called his attention to the alleged alteration, and sought his advice as to the legal effect thereof. The fact that the trial judge had some knowledge with reference to the defense interposed, and that he would probably testify as a witness for the defense was called to his attention by the plaintiff when the case was called for trial, and a request made for the trial judge to disqualify himself, and have some other judge try the case. The proceedings with reference to this are as follows:

"Mr. Tisinger: The plaintiff in this cause, having been informed that his honor, Judge Hendrix, had, prior to the filing of this suit, been consulted as a citizen concerning the note, and concerning a matter which will be relied upon as defense herein, and being further informed that his honor, Judge Hendrix, will be used as a witness to testify in the cause to material facts relied upon by the defendant to sustain their contention therein, he being a material witness to material facts, suggests to the court that by reason of the facts as stated, he is disqualified to preside as judge in the trial of this cause, and moves the court to declare himself as to the matters herein alleged: First, as to whether or not the matters herein alleged are true; second, as to whether or not they being true, the

court is disqualified to preside as trial judge in this cause."

To this motion the court answered as follows:

"Judge Hendrix: This request from counsel for plaintiff—the court states that he has been consulted as a citizen concerning the note sued on herein. He has also been informed by defendants that they intend to use him as a witness to material allegations, and he was desirous to be relieved of the responsibility of trying the case; but that, under the holdings of the Supreme Court, he holds he is not disqualified. The request, however, will be allowed, and I will vacate the bench if some provision is made by plaintiff for the compensation of a special judge. While I would rather not try this case I am not willing to shirk responsibility and throw additional expense on the county. If a deposit is made or any other arrangement made, the motion will be granted."

The trial judge refused to disqualify himself, to which the plaintiff saved exceptions. Following this, the case was tried, and during the progress of the trial the trial judge took the witness stand and testified for the defendants on the question as to the alteration of the note sued upon. This testimony was material, and in fact the sole defense relied upon by the defendants in error. Objections were made to certain features of his testimony, and these objections were overruled by him while on the witness stand. In other words, he acted in the capacity of both judge and witness in the trial of this case. Plaintiffs in error insist that this was prejudicial error, and that the trial judge should have sustained the motion to disqualify himself. This question is properly presented here, and, under our view of the case, is the only question necessary to be considered.

We have no statute authorizing a trial judge to testify in a case tried before him, and, in the absence of such

a statute, we think he has no right to do so, over the objection of the parties against whom he testifies, and especially is this true where his testimony is material, as it was in this case. We think this is the general rule. This question is discussed in 44 Cyc. p. 2234, wherein it is said:

"As a general rule the judge before whom a case is being tried is not a competent witness therein; but under some statutes the presiding judge is a competent witness for either party, and when called on to testify he may, in his discretion, order the trial to be suspended and to take place before another judge, or to proceed before him."

And in vol. 17, Am. & Eng. Ency. L. pp. 724-725, it is said:

"The inclination of the courts has been to hold that when it is necessary for the conduct of the trial of a cause that one should act as judge, he may not be called from the bench to be examined as a witness." "It is error for a judge who is a member of the court, and necessary to make a duly constituted court, to become a witness in a case before the court, and if objection be made and exception taken, such error will be fatal to the judgment."

Greenleaf on Evidence (16th Ed.) 395, discussing this question, announces the rule to be:

"It may be proper to take notice of the case, where the facts are personally known by the judge, before whom the cause is tried; and whatever difference of opinion may once have existed on this point, it seems now to be agreed that the same person cannot be both witness and judge in a cause which is on trial before him."

See, also, Jones on Evidence (Civil Cases) 958; 3 Wigmore on Evidence, 25-26; 1 Chamberlain on Evidence, 745; *Maitland v. Zanga,* 14 Wash. 92, 44 Pac. 117; *Rogers*

*v. State,* 60 Ark. 76, 29 S. W. 894, 31 L. R. A. 465, 46 Am. St. Rep. 154; *People v. Dohring,* 59 N. Y. 374, 17 Am. Rep. 349; *Gray v. Crockett,* 35 Kan. 66, 10 Pac. 452; *Estes et al. v. Bridgforth,* 114 Ala. 221, 21 South. 512; *Shockley v. Morgan,* 103 Ga. 156, 29 S. E. 694; *Baker v. Thompson,* 89 Ga. 486, 15 S. E. 644; *Dabney v. Mitchell,* 66 Ala. 495; *Morss v. Morss,* 11 Barb. (N. Y.) 510; *McMillen v. Andrews,* 10 Ohio St. 112.

The rule is announced in the Ency. of Evidence, vol. 3, p. 215, as follows:

"A judge of a court of record or a referee is not at common law a competent witness in a case pending before him on grounds of public policy."

In the case of *People v. Dohring, supra,* it was said:

"If a judge is put upon the stand as a witness, he has all the rights of a witness, and he is subject to all the duties and liabilities of a witness. It may chance, that he may for reasons sufficient for himself, but not sufficient for another of equal authority in the court, decline to answer a question put to him, or in some other way bring himself in conflict with the court. Who shall decide what course shall be taken with him? Shall he return to the bench and take part in disposing of the interlocutory question thus arising, and upon the decision being made, go back to the stand, or go into custody for contempt? The first would be unseemly, if not unlawful, for it would be passing judicially upon his own case. The last would disorganize the court and suspend its proceedings. Other like results may be conceived as possible, equally as contrary to the good conduct of judicial proceedings."

In the case of *Maitland v. Zanga, supra,* it was said:

"If the defendant is entitled to the testimony of the judge, the plaintiff is equally entitled to his testimony, and it might eventuate, if this practice were to be toler-

ated, that the judge, upon a motion for a nonsuit, would be compelled to pass upon the weight of his own testimony, and, considering the inclination of the human mind to attach more importance to its own statements than to those of others, it is easy to see that the rights of the litigants might be prejudiced in such a case. Again, while upon the witness stand, he would have a right to all the protection that any other witness has under the law. * * * He might decline to answer questions the admissibility of which it would be necessary for the court to determine, and which would bring him as a witness in conflict with himself as a court. Again, it would to a certain extent lead to the embarrassment of the jury, who are subordinate officers of the court and under its directions, to have to weigh the testimony of the judge in the same scales with the testimony of other witnesses in the case whose testimony was opposed to that of the judge. And in many ways, it seems to us that this practice would lead to embarrassment and would have a tendency to lower the standard of courts and bring them into contempt.".

These two cases and the Arkansas case, *supra,* are the leading cases upon this question, and to our mind announce a rule in accord with common sense and reason.

The trial judge in this case acted in two capacities, as judge and witness, passed upon objections to certain portions of his testimony, and, after he had finished testifying, returned to the bench and continued to try the case. To our minds, this was prejudicial to the rights of the plaintiff and fundamentally wrong, and, as was stated by Justice Folger, in the case of *People v. Dohring, supra,* "because such practice, if sanctioned, may lead to unseemly and embarrassing results, to the hindering of justice, and to the scandal of the courts." It tends to lessen the dignity of the court, and bring it into disrepute. It is well known to every practicing lawyer that the testi-

mony of the trial judge, upon a material point, will outweigh the testimony of ordinary witnesses, and to permit him to testify gives an undue advantage to the party for whom he testifies. It is wrong, both in principle and in morals.

Counsel for defendants in error claim that the Criminal Court of Appeals, in the case of *State ex rel. John Nowakowski v. Lockridge, County Judge,* 6 Okla. Cr. 216, 118 Pac. 152, 15 L. R. A. (N. S.) 525, Ann. Cas. 1913C, 251, announced the rule that the trial judge might testify in a case tried before him. We do not think so. We have very carefully read that case, and it does not so hold. No such question was before the court in that case. However, Judge Furman, in rendering the opinion, did say that the trial judge might testify in a case before him. This was pure *dictum,* was not involved in that case, and therefore was not passed upon. We have great respect for Judge Furman as a lawyer and jurist, but with his personal views upon this question we cannot agree. In that case, Judge Lockridge, as county judge, held a court of inquiry, in which many witnesses were examined, as a result of which the defendant was prosecuted and tried before him, and on account of this fact the defendant sought to disqualify the judge, and the Criminal Court of Appeals very properly held that he was not disqualified on account of this fact.

We think the action of the county judge in this case, in overruling the application to disqualify himself, and testifying in the case, was prejudicial error, and that the judgment of the trial court should be reversed and remanded.

By the Court: It is so ordered.