## STATE v. E. E. SANDQUIST.[1]

### July 16, 1920.

### No. 21,747.

**Rape — cross-examination of prosecutrix.**

1. A defendant, charged with the crime of carnal knowledge of a female under the age of consent, is entitled to much latitude in his cross-examination of the prosecutrix, but she ought not to be compelled to give the details of the act to any greater extent than is reasonably necessary, and it is largely within the discretion of the trial court to place limits upon her cross-examination on that subject.

**Trial — examination of witness by trial judge.**

2. It is within the discretion of the trial judge to question a witness, and ordinarily error cannot be predicated upon his doing so. As a rule the examination of a witness should be conducted by counsel and only under exceptional conditions is the judge justified in conducting an extended examination.

**Same — improper for presiding judge to testify as witness.**

3. The presiding judge should not leave the bench and go upon the witness stand to give testimony during the trial of a case before him. Under the circumstances stated in the opinion, the substantial rights of the defendant were prejudiced by the trial judge's testimony, and its effect was not removed by the statement made preliminary to the giving thereof or by the charge to the jury.

Defendant was indicted by the grand jury of Blue Earth county

[1] Reported in 178 N. W. 883.

charged with the crime of carnal knowledge of a female child under 18 years of age, tried in the district court for that county before Comstock, J., and a jury which returned a verdict of guilty as charged in the indictment. From the judgment entered pursuant to the verdict, defendant appealed. Reversed.

*Regan & Grogan,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant Attorney General, and *Charles E. Phillips,* County Attorney, for respondent.

LEES, C.

This is an appeal from a judgment entered upon the conviction of the defendant of the crime of carnal knowledge of a female under the age of 18 years.

Defendant asks for a reversal on several grounds. Only three need be considered: The first, that he was unduly restricted in his cross-examination of the girl; the second, that the court's examination of defendant's witness Lillygren was prejudicial to him; the third, that by calling the clerk of court as a witness and examining him and then leaving the bench and taking the witness stand and testifying as a witness himself, the trial judge committed error prejudicial to defendant's substantial rights.

1. A defendant charged with an offense of this nature is entitled to much latitude in his cross-examination of the prosecutrix, for the accusation is easily made and the effect of her testimony is hard to overcome, State v. Connelly, 57 Minn. 482, 59 N. W. 479; State v. Trocke, 127 Minn. 485, 149 N. W. 944, although as a general rule it is largely within the discretion of the trial court to place limits upon the cross-examination. But the prosecutrix ought not to be compelled to give the details of the act to any greater extent than is reasonably necessary. Questions asked to obtain information, embarrassing to her and not necessary to aid the jury in determining the guilt or innocence of the defendant, should not be permitted. We are not prepared to say that the court abused its discretion in limiting the cross-examination as it did, but we do think that defendant was entitled to more latitude than was given him, and,

since the judgment must be reversed on other grounds, more should be allowed him when the case is tried again.

2. Lillygren was a life insurance solicitor at Mankato and had previously been a traveling salesman. After the crime is alleged to have been committed he visited the girl and her mother and obtained from each of them an affidavit. In her affidavit, the girl exonerated the defendant and stated that her testimony at the preliminary hearing was not true. Lillygren was called as a witness to testify to what was said and done when he obtained these affidavits. The trial judge then questioned him at some length as to the nature of his business, and finally wound up by asking him this question (referring to his previous occupation):

"Q. That was a talking trade also, was it? A. Yes. Court: That is all. Mr. Regan: Give us an exception to the examination of this witness by the court upon the ground the same is prejudicial to the interest of the defendant."

It is argued that an inference which the jury might draw from the court's questioning of the witness was that Lillygren had employed the arts of a life insurance solicitor and traveling salesman in persuading the girl to sign the affidavit; that he had talked her into it, and that the statements contained in the affidavit should not be credited.

It is within the discretion of the trial judge to question a witness and it is not usual to have exceptions taken to his doing so, and ordinarily a court of review will not scrutinize his conduct in this respect very closely. Wheeler v. Wallace, 53 Mich. 355, 19 N. W. 33. The exercise of this power, if the questions are directed to the vital issues in the case, may be of serious consequence to the defendant in a criminal prosecution. In Dunn v. People, 172 Ill. 582, 50 N. E. 137, it was said, that it is difficult for a presiding judge so to conduct the examination of a witness that nothing in the tone of the voice, the play of the features, the manner of framing or propounding the questions, or the course of the investigation pursued in the examination, will indicate to the jury the trend of the judge's mind. It was also said, that the examination of the witnesses is the more appropriate function of counsel, and that the instances are rare and the conditions exceptional that will justify the judge in conducting an extended examination of a witness. Similar

statements are found in Bolte v. Third Ave. R. Co. 38 App. Div. 284, 56 N. Y. Supp. 1038, together with a dissertation upon the part of the trial of a case before him which may properly be taken by the presiding judge.

We discover nothing in the record which required the trial judge to take part in the cross-examination of Lillygren in order to lay before the jury the circumstances under which he procured the signature of the prosecutrix to her affidavit. The affidavit went directly to the truthfulness of her testimony, and it should have been left to the jury to give such weight to it as they saw fit, uninfluenced by any opinion the judge may have entertained as to its weight or as to Lillygren's ability as a talker.

3. After the affidavit of the prosecutrix had been received in evidence, the trial judge called the clerk of court as a witness and examined him concerning the time when the affidavit was filed in his office, and by whom and in what proceeding it was presented. Defendant excepted. The judge then offered himself as a witness, was sworn, and testified on the same subject, and added that the affidavit was addressed to the judge of the district court of Blue Earth county, but had not been presented to him by Lillygren or the defendant and was first produced in court upon the demand of the county attorney in a special proceeding had at the instance of the state. Defendant reserved an exception. The proceeding referred to was heretofore reviewed in State v. District Court of Blue Earth County, 144 Minn. 326, 175 N. W. 908.

The consensus of judicial opinion is that one cannot properly play the role of presiding judge and witness simultaneously. The reasons are obvious. If objection is made to any portion of his testimony, who is to rule upon it after he has vacated the bench to become a witness? If, in the course of the cross-examination, he declines to answer a question put to him, who is to compel him to answer if the question is a proper one? If he should leave the witness stand and return to the bench, could he impartially decide upon the admissibility of his own testimony or weigh it against the testimony of another? But the most cogent reason why a judge should not become a witness is that if he testifies it must necessarily be in behalf of one of the parties and against the other, and this

tends strongly to influence the jury and to deprive the party against whom he testifies of a fair and impartial trial. This and other reasons, not necessary to enumerate, have led the courts quite uniformly to condemn the practice. Dabney v. Mitchell, 66 Ala. 495; Estes v. Bridgforth, 114 Ala. 221, 21 South. 512; Rogers v. State, 60 Ark. 76, 29 S. W. 894, 31 L.R.A. 465, 46 Am. St. 154; Gray v. Crockett, 35 Kan. 66, 10 Pac. 462; People v. Dohring, 59 N. Y. 374, 17 Am. Rep. 349; Powers v. Cook, 48 Okla. 43, 149 Pac. 1121, L.R.A. 1915F, 766; Maitland v. Zanga, 14 Wash. 92, 44 Pac. 117; 1 Greenleaf, Ev. § 364 (§ 254c, 16th ed.); Jones, Ev. § 764; 2 Bishop, Crim. Proc. § 1145; Chamberlayne, Ev. § 576; 3 Wigmore, Ev. pp. 2526-2530.

Before giving his testimony, the presiding judge said:

"The record may show that the witness was not testifying in behalf of the prosecution or in behalf of the defendant, but is testifying in behalf of the court for the reason that the instrument offered in evidence, as read to the jury, appears to be addressed to the Honorable Judge of the District Court of the County of Blue Earth * * * and the evidence is offered for the protection of the court and for no other purpose and for the maintenance of a new order of proceedings in such court."

In charging the jury, after referring to the fact that he and the clerk had testified, he said:

"That testimony was not offered as bearing either one way or the other upon the question of the guilt or innocence of the defendant in this case. That testimony was offered simply and only that you, as jurors, might understand that the court and the officers of the court had no connection with that instrument until it was produced later on in court in certain special proceedings that have been referred to, and that testimony you will disregard as far as the question of the guilt or innocence of the defendant in this case is concerned."

It is urged that, if it was error to receive the testimony of the presiding judge, the error was cured by these statements. We are unable to adopt this view. The prosecutrix testified to the truth of the accusation against the defendant. He denied it. There were no eyewitnesses. Her affidavit impeached her credibility as a witness. The jury could hardly

fail to gather from the judge's testimony that the affidavit was of questionable value as evidence in defendant's favor. The charge could not remove the impression made upon their minds by his testimony. Defendant may be guilty of the offense of which he is accused, but he has not had the fair, temperate and impartial trial which is the right of every man charged with a crime involving his liberty. The jury was satisfied of the defendant's guilt, and the portion of the evidence which has been returned here tends quite strongly to sustain the conviction, but an appellate court may not assume the functions of the jury and sustain the conviction because it concludes that the defendant is guilty anyway. If error was committed on the trial, the natural tendency of which was to prejudice the accused, it is ground for a new trial, unless it appears that he could not have been prejudiced thereby. State v. Williams, 96 Minn. 351, 105 N. W. 265; 1 Dunnell, Minn. Dig. § 2490.

Because of the errors we have pointed out, there must be a new trial. The judgment appealed from is therefore reversed and a new trial granted.