**HOLLIS et al. v. SEIBOLD et al.   (No. 12197.)**

Court of Civil Appeals of Texas.   Fort Worth.
Oct. 26, 1929.

Rehearing Denied Nov. 23, 1929.

C. B. Ambrose, of Fort Worth, for appellants.

Virgil R. Parker, of Fort Worth, for appellees.

DUNKLIN, J.   Paul S. Hollis, M. T. Hollis and wife, Mrs. M. T. Hollis, instituted this suit against G. W. Seibold and C. F. Seibold, to set aside a judgment rendered in favor of those defendants against those plaintiffs in another suit wherein the latter were defendants and the Seibolds were plaintiffs. The judgment sought to be set aside was rendered in the district court of Tarrant county, Forty-Eighth judicial district, on December 20, 1927, and was for title and possession of certain real estate described in the judgment.

This suit was not instituted until March 28, 1928, more than three months after the rendition of the judgment, and approximately one month and twenty-three days after a new term of that court had convened; the statutes requiring the new term to begin on the first Monday in February, 1928.

The principal ground upon which the plaintiffs based their claim for the relief sought was that they had a meritorious defense to the former suit and had employed Lloyd H. Burns, an attorney, to present that defense, and that neither they nor their said attorney

812

had any prior notice that the case would be called for trial on the day the judgment was rendered and did not learn of such judgment until after court had adjourned for the term and too late to present a motion for new trial, and too late to prosecute an appeal from the judgment.

According to further allegations in the petition, the former suit was in trespass to try title, and the defendants in that suit, plaintiffs in this suit, had a meritorious defense, in that they owned title to the property in controversy under the ten-year statute of limitation in this state.

It was further alleged that rules of procedure had been adopted by the judges of the district courts of the county in accordance with the authority conferred by article 2092, subd. 27, Rev. Civ. Statutes of 1925, one of which rules is, in part, as follows:

"Rule IV. Manner of setting of non jury dockets.

"(a) The non jury docket shall not be called by the court for setting, but shall be set in the manner next herein provided.

"(b) Any attorney desiring to set a non jury case for trial for either the first or fifth weeks of the term shall do so by handing to the clerk of the district court a written request that such case or cases be set for trial, giving the style and number of the case or cases desired to be set, and designating either the first or fifth week for setting; provided, however, that such request must be submitted to the clerk of the district court at least two weeks before the beginning of the week in which the setting is desired. Opposing counsel shall be promptly notified of such setting by the attorney setting down the case."

It is alleged that plaintiffs' attorney, Burns, relied upon a compliance with those rules, but that the case was not set for trial in accordance with the same, and he had no prior notice that the case would be called for trial on the day the judgment was rendered; and that that was the sole reason alleged for his failure to appear when the case was called for trial.

The evidence showed without controversy that on November 16, 1927, the former suit was set for trial for December 19, 1927, by the attorneys of record for plaintiffs in that case in accordance with the requirements of the rules of procedure noted above. And upon the trial of the present suit the defendants offered evidence strongly tending to show that a written notice of the setting of the case was mailed to Lloyd H. Burns at his office address at Fort Worth, all as required by the rules of procedure noted above, and that in addition to the mailing of such notice said Burns was told by counsel for said defendant of said settings. But all of that evidence was contradicted by the testimony of Burns; and

on the trial of the case before a jury on special issues, the jury returned a finding in accordance with the testimony of Burns, although it seemed those findings were contrary to the preponderance of the evidence on that issue. But the jury further found in answer to question No. 3 that on December 19th Burns did receive information that the former suit would be called for trial on that day. Those were the only issues submitted to the jury. The evidence shows without controversy that the former case was first called for trial on December 19, 1927, and was then passed over to the following day, upon the suggestion of counsel for plaintiffs in that suit in order that Burns might be present at the trial, he being absent from court on that day. And when the case was again called for trial on the 20th, Mr. Parker, defendants' counsel, asked permission of the court to telephone Mr. Burns so that he might be present at the trial, and the court granted that request and Parker went to the telephone and put in a call for Burns. Mr. Parker testified that Mr. Burns answered that call and, upon being informed that the case was then called for trial, replied that he had no defense to offer in the suit and would not be present at the trial. Mr. Burns denied that conversation in toto, saying in that connection that according to his best recollection he was not in his office on that day but was attending to other business in another town. Judge Bruce Young, before whom the present suit, and also the original suit, were tried, then took the witness stand and corroborated the testimony of Parker, just noted, although he did not hear what Parker said over the telephone in that conversation; and error has been assigned to the admission of that testimony over objection of the plaintiffs in the present suit. Whether or not it is permissible for a judge before whom a case is tried to give testimony in a civil case seems not to have been determined by the higher courts of this state, but a good many authorities have been cited by counsel for both parties to this appeal. One of the authorities cited by appellants is 40 Cyc. p. 2234, from which this quotation is taken: "As a general rule the judge before whom the case is being tried is not a competent witness therein."

And other authorities to a like effect are: Powers v. Cook, 48 Okl. 43, 149 P. 1121, L. R. A. 1915F, page 766; Jones on Evidence (1924 Ed.) § 764; Greenleaf on Evidence (16th Ed.) 395.

Other authorities are cited by appellees, which seem to hold that there is no hard and fast rule prohibiting such testimony, and that under some circumstances, the determination of that question should be left largely to the discretion of the trial judge when justice demands it. The authorities cited are Chamberlayne on Modern Evidence, vol. 5, § 577; 4 Wigmore on Evidence, pp. 86, 87.

The record shows that when the objection was urged to the testimony of the trial judge, he made the offer to counsel for appellants to transfer the case to another court for trial, in the event the objection should be insisted on, but that offer was declined. Appellees insist that under those circumstances appellants, upon the equitable doctrine of estoppel, were in no position to insist upon the application of the general rule announced in Cyc. quoted above.

We shall not undertake to determine the merits of the assignment addressed to the admission of that testimony, since the determination of the question becomes immaterial, in view of the conclusions hereinafter reached that the judgment of the trial court should be affirmed on other grounds.

It is a familiar rule that in order to set aside a judgment against a person over whom jurisdiction of the court had attached and which is regular on its face, when that relief is sought by a separate and independent suit after the term of court during which the judgment was rendered has expired, and which is therefore a proceeding in equity, the plaintiff has the burden of proof to show: First, that he has a meritorious defense to the cause of action which resulted in the judgment; and, second, that he was not guilty of negligence in failing to move for a new trial of the case after the judgment was rendered and during the term of court at which it was rendered, or in failing to prosecute an appeal therefrom if by such an appeal he could have urged the same facts as grounds for a reversal of the judgment. Authorities almost without number lay down that rule, such as: Freeman v. Miller, 53 Tex. 372; Harris v. Musgrave, 72 Tex. 18, 9 S. W. 90; Chambers v. Gallup, 30 Tex. Civ. App. 424, 70 S. W. 1009, and authorities there cited.

The record shows that the former suit was to recover title to the land in controversy upon allegations made in plaintiffs' petition that they were owners of the fee-simple title to the land by a regular chain of title from the state. The record further shows that that suit remained on the docket practically seven months before it was finally tried; that it was continued twice by consent of both parties to the suit; and that the only answer that was ever filed for the defendants in that case was a plea of general denial. In the petition of plaintiffs in the present suit it was alleged that the claim of title made by them was title under the statute of limitation of ten years, which it is claimed could have been established by proof if plaintiffs had been present on the trial of the former suit. In the present suit it was incumbent upon the plaintiffs to introduce evidence sufficient, prima facie, at least, to prove such title, as the first prerequisite to the relief sought. But we have examined the statement of facts in its entirety and find that no evidence whatever was offered by the plaintiffs in the present suit to show such title in them. For that reason alone, independently of any other reason, the judgment of the trial court denying plaintiffs any relief must be sustained.

Furthermore, the issue of whether or not the plaintiffs in the present suit were guilty of negligence in failing to move for a new trial after the former judgment was rendered, and before the term of court expired, was not submitted to the jury, and therefore a finding by the trial judge that they were guilty of such negligence must be implied if the same be necessary to sustain the judgment. Assuming for the sake of argument that plaintiffs and their counsel, Mr. Burns, were not guilty of negligence in failing to appear in court when the former case was tried, yet we do not believe that they made a sufficient showing of excuse for failure thereafter, and before the expiration of that term of court, which lasted 45 days after the rendition of the judgment, to file a motion for new trial, setting up the facts relied on in this suit.

The only testimony offered to show such excuse was that of Mr. Burns, whose testimony on the point was as follows: "The first time I learned that judgment had been rendered in that case was when the cost bill was set out, sometime after the first of the year (meaning first of the year 1928); Mrs. Hollis phoned me about it. My best recollection is that I got notice of the judgment having been rendered in that case after the term of court at which the judgment had been rendered was past, and according to court procedure and practice, I could not have filed a motion for a new trial at that time; it was too late. I think the time for appeal had passed when I learned that judgment had been rendered in that case, and I had no facts or evidence in the record to appeal on."

No attempt was made to show when the cost bill was sent out as could have been done, as that was a matter of record. Plaintiffs simply relied upon that testimony alone, which was entirely too indefinite to constitute a strict showing of diligence as required of a plaintiff in such a suit as this, and a failure to comply with that requirement is a sufficient ground for an affirmance of the judgment, independently of the first ground noted above.

Accordingly, the judgment of the trial court is affirmed.