## FRIEDRICH v. BRAND.
### No. 12298.

Court of Civil Appeals of Texas. Fort Worth. April 5, 1930.

O. M. Wylie, of Archer City, for appellant.

Raymond M. Myers, of Wichita Falls, for appellee.

CONNER, C. J.

This appeal is from an order of the honorable district court of Archer county overruling a motion to set aside a temporary writ of injunction theretofore issued on an application of appellee, R. A. Brand.

In his verified petition for the writ, Brand alleged that on May 23, 1928, appellant, Ed Friedrich, by his representative J. J. Newsom, contracted in writing to sell to plaintiff "one 12 foot Freezerite Freezer Counter for salt and ice." A copy of the contract was attached to the petition as an exhibit. It was therein specified, among other things, that Brand was to pay $585 for the freezerite counter in monthly installments of $25, payments to be made in San Antonio, Tex. It was provided that the buyer had read the entire contract, and that it covered "all agreements, express or implied by the seller and buyer, and all representations made by buyer to seller's sales' agent." It further provided that: "The use of said property for seven days shall constitute a conclusive acceptance thereof. Buyer hereby waives all claims for damages, errors or shortage not made within five days after his receipt of property."

To secure the contract, Brand in due form executed and acknowledged a mortgage covering the freezer counter. The mortgage contains many provisions not necessary to notice other than to state that it expressly retains full remedies for enforcement.

The petition further alleges:

"That J. J. Newsom, the representative of the defendant, falsely represented to plaintiff that the counter which he was selling him would freeze, and further that the usual and regular price of said freezer counter was Seven Hundred and Ninety Five ($795.00) and No/100 Dollars, which representations were made to plaintiff prior to his entering into the contract aforesaid, which representations plaintiff believed and relied upon and which representations induced plaintiff to enter into said contract. That the counter was delivered to plaintiff on the 25th day of June, 1928. * * * That after the delivery of said counter to plaintiff, plaintiff on several occasions attempted to make the same freeze, but the counter as delivered would not freeze and the plaintiff took the matter up with the defendant and his representative, stating that the counter would not freeze as represented and that he wished to re-deliver the freezer counter and cancel the contract. Plaintiff also discovered that the price of said counter was not in fact Seven Hundred and Ninety-Five ($795.00) and No/100 Dollars, as represented, but the regular and usual price thereof was Five Hundred and Ninety Five ($595.00) and No/100 Dollars, and asked to rescind the contract on this ground also. That defendant and his agents, servants and representatives over a long period of time and up to the date of the filing of this suit continued to write letters to the plaintiff offering various and sundry propositions in settlement of the matter, to substitute another counter, to reduce the consideration paid, all inducing plaintiff to believe and he did believe the defendant would carry out his representations and promises in the premises, and even inducing plaintiff to make additional payments on said freezerite pending the settlement of the matter but defendant has consistently failed and refused to perform his contract in accordance with its terms and though plaintiff has tendered back to defendant the property above described. * * *

"That said representations were made at Holliday, in Archer County, Texas.

"Plaintiff now tenders into court the freezerite.

"Plaintiff further says that by reason of the fraud of the defendant, as above set out and the receipt of said counter, which was absolutely worthless to him, and in loss and destruction of meats and foods, resulting from its failure to freeze, and loss of business resulting therefrom, he has been damaged in the sum of Five Hundred ($500.00) and No/100 Dollars and that he has paid to defendant on said contract the sum of One Hundred and Fifty ($150.00) and No/100 Dollars which ought to be returned to plaintiff as well as the counter which plaintiff delivered to defendant as part payment on the counter delivered by defendant and this plaintiff pleads in the alternative that in the event he be not decreed a rescission of said contract that by virtue of the facts as herein set out and plead he be allowed damages for the breach of said contract in the sum of One Thousand ($1,000.00) and No/100 Dollars."

The petition further alleged:

"That the defendant on the 21st day of December, 1929, in cause No. 19101 in the County Court at Law of Bexar County, Texas, filed suit against this plaintiff on the contract above set out, asking for a foreclosure of his lien on the property in the hands of plaintiff, a certified copy of defendant's petition in said cause being attached and marked Exhibit C and made a part hereof. That plaintiff's counsel filed a formal answer in the said cause at San Antonio and wrote the clerk of said court advising said clerk to notify him of the setting of said cause and said clerk advised that the cause had not been set and that it would show in the Commercial

Recorder when set. Plaintiff's counsel also requested counsel for this defendant to advise of any setting. On the afternoon of March 20, 1929, plaintiff's counsel received a letter from defendant's counsel, advising that said cause had been set for Thursday, March 21, 1929, at which time the case would be tried, the letter itself having been dated March 18, 1929, said notice being entirely insufficient to allow plaintiff's counsel and plaintiff even to arrive in San Antonio for the trial without regard to the question of time for preparing for said trial and as a result of the fraud and actions of defendant, his agents, servants and attorney this plaintiff was prevented from submitting any defenses that he might have to the suit of defendant in Bexar County as aforesaid, said defense being in substance as hereinbefore outlined, same being good and valid defenses which would entitle defendant to no recovery whatever and plaintiff and his attorney were in no way negligent, having requested the clerk of the court and the attorney representing the opposite side to advise them of any setting of said cause.

"Immediately upon taking said judgment defendant's counsel wrote plaintiff and his counsel offering certain proffers of settlement but on the 24th day of April, 1929, issued an order of sale to sell the above described property under the judgment above cited, which sale under the state of facts herein cited would be an irreparable injury to this plaintiff as the sale of said counter under sheriff's sale would result in very little being received therefor and under the pleadings of plaintiff herein said counter should be delivered to defendant in rescission of contract above stated and full credit being given plaintiff instead of having same sold under sheriff's sale for a nominal amount and credit on the judgment of defendant obtained under the circumstances herein cited without the defenses and the rights of plaintiff being heard.

"Wherefore plaintiff prays the court that the defendant be cited to appear in answer to this petition, that he have judgment cancelling the above mentioned contract and for damages, interest, costs of suit and in the alternative for damages for breach of said contract in the sum of One Thousand ($1,000.00) and No/100 Dollars, that a writ of injunction issue restraining the defendant his agents, servants and representatives and C. E. Goodwin, the sheriff in Archer County, from selling the said Friedrich Freezerite Freezer Counter No. 2753 and for such other and further relief, special and general in law and in equity that he may be justly entitled to."

No complaint is made of the form of the execution now in the hands of the sheriff of Archer county, nor does the petition anywhere state as a matter of fact distances and circumstances, if any, which prevented the plaintiff, in the exercise of due care and diligence, from arriving at San Antonio in time to have presented himself upon the call of his case. And the petition especially fails to assign a reason for his failure to later appear before the court and seek to set the judgment aside, which we must assume the court would have done upon cause therefor being shown, or, if the court should refuse to do this, why plaintiff did not appeal from the judgment. See Hollis v. Seibold (Tex. Civ. App.) 23 S. W.(2d) 811.

Article 4642, Rev. Statutes, provides that judges of our district and county courts may in term time or in vacation hear and determine applications and may grant writs of injunction where an applicant shows himself entitled thereto, and where such relief requires the restraint of some act prejudicial to him.

No brief has been presented in behalf of appellant, and appellee insists that the action is one for damages only, and that the injunction granted is but incidental to the relief he seeks. It is not alleged that the order of sale or execution appellee seeks to restrain is about to be levied upon property other than the freezerite counter, and, if it is worthless, as alleged in his petition, it is a little difficult to see how he would be materially prejudiced by the execution of the order of sale. We think it apparent, however, from the reading of the petition as a whole, that the real attack is upon the judgment of the San Antonio court.

Article 4645, Rev. Statutes, reads as follows:

"No injunction shall be granted to stay any judgment or proceeding at law, except so much of the recovery or cause of action as the complainant shall in his petition show himself equitably entitled to be relieved against and so much as will cover the costs."

The jurisdiction of the court in San Antonio that rendered the judgment is not attacked for want of service, or upon any other ground, and it seems evident that the misrepresentations of appellant's agent and breach of the implied warranty of the freezerite counter were, for aught that appears, fully available in defense of the action, and should have then and there been urged in the absence of good cause preventing.

In the case of Hollis v. Seibold (Tex. Civ. App.) 23 S.W.(2d) 811, 813, writ dismissed, the following was said in an opinion by Mr. Justice Dunklin:

"It is a familiar rule that in order to set aside a judgment against a person over whom jurisdiction of the court had attached and which is regular on its face, when that relief is sought by a separate and independent suit after the term of court during which the judg-

ment was rendered has expired, and which is therefore a proceeding in equity, the plaintiff has the burden of proof to show: First, that he has a meritorious defense to the cause of action which resulted in the judgment; and, second, that he was not guilty of negligence in failing to move for a new trial of the case after the judgment was rendered and during the term of court at which it was rendered, or in failing to prosecute an appeal therefrom if by such an appeal he could have urged the same facts as grounds for a reversal of the judgment. Authorities almost without number lay down that rule, such as: Freeman v. Miller, 53 Tex. 372; Harris v. Musgrave, 72 Tex. 18, 9 S. W. 90; Chambers v. Gallup, 30 Tex. Civ. App. 424, 70 S. W. 1009, and authorities there cited."

It has also been held several times that an injunction will be refused where the grounds for the same existed before the judgment and were known to the defendant or might have been discovered by ordinary diligence on his part. See Prewitt v. Perry, 6 Tex. 260; York v. Gregg, 9 Tex. 85; Gibson v. Moore, 22 Tex. 611. Applying the rule so stated, we think the petition for injunction in this case subject to a general demurrer, and that the temporary writ of injunction should have been dissolved for want of sufficient equity, if for no other reason.

■ Moreover, article 4656, Rev. Statutes, reads, so far as applicable, that:

"Writs of injunction granted to stay proceedings in a suit, or execution on a judgment, shall be returnable to and tried in the court where such suit is pending, or such judgment was rendered. * * *"

This article was construed in an opinion by Mr. Justice Speer, of Section B of the Commission of Appeals in the case of Switzer v. Smith, 300 S. W. 31, 32, and, after citing the portion of the article we have quoted, he says:

"This is more than a mere venue statute; it has to do with jurisdiction. Its purpose is not the protection of the citizen in his ordinary right to be sued in the county of his domicile, but rather it is a law of comity, for the protection of the dignity of our courts. Orderly procedure and proper respect for the courts will require that such attacks upon their judgments should be made in the court rendering such judgment, rather than in other courts indiscriminately."

In the case of Leachman v. Capps, 89 Tex. 690, 36 S. W. 250, cited by Judge Speer, Chief Justice Gaines distinguished attacks involving the validity or regularity of the judgment from those attacking the validity of the process through which the execution of the judgment is attempted, and held that the statute quoted was jurisdictional. See, also,

Hendrick v. Cannon, 2 Tex. 259; Cook v. Baldridge & Co., 39 Tex. 250; Seligson v. Collins, 64 Tex. 314; Broocks v. Lee, 50 Tex. Civ. App. 604, 110 S. W. 756, by the Galveston Court of Civil Appeals. So, too, in Smith v. Morgan, 28 Tex. Civ. App. 245, 67 S. W. 919, writ dismissed, the Austin Court of Civil Appeals held that under article 4656 the district court had no jurisdiction to enjoin the judgment of a county court.

Without further comment, we conclude that the court erred in overruling the motion to dissolve the writ of injunction, and it is accordingly ordered that the judgment below be reversed, and that the temporary writ of injunction issued in this case be vacated and set aside, and that this opinion be certified below for observance.