## J. M. RADFORD GROCERY CO. v. ESTELLINE STATE BANK.

### No. 4382.

Court of Civil Appeals of Texas.
Amarillo.
Oct. 1, 1934.

See, also, 66 S.W.(2d) 1110.

W. E. Lessing, of Abilene, for appellant.

Hamilton & Fitzgerald, of Memphis, for appellee.

MARTIN, Justice.

On May 8, 1934, the district court of Hall county, at the instance of and upon the petition of appellant, ordered the issuance of an injunction against "The Estelline State Bank of Estelline, Texas, a corporation, its agents and employees, restraining them from securing an execution out of the County Court of Hall County, Texas, in cause No. 919, styled Estelline State Bank vs. J. M. Radford Grocery Company, and from in any manner attempting to collect the amount of said judgment from said defendants," etc. Thereafter, on June 22, 1934, the said district court sustained an exception of appellee to appellant's said petition questioning its jurisdiction to make the aforesaid order, and dissolved said injunction, from which order appellant has appealed.

The purpose apparently of appellant in obtaining said injunction was to secure an offset against any judgment that might be rendered against it in a case pending in Hall county, of which the instant proceeding is only a part. It is not pretended that the said county court judgment was void. No facts appear which render inapplicable the specific terms of article 4656, R. S., 1925, reading as follows: "Writs of injunction granted to stay proceedings in a suit, or execution on a judgment, shall be returnable to and tried in the court where such suit is pending, or such judgment was rendered; writs of injunction for other causes, if the party against whom it is granted be an inhabitant of the State, shall be returnable to and tried in the district or county court of the county in which such party has his domicile, according as the amount or matter in controversy comes within the jurisdiction of either of said courts. If there be more than one party against whom a writ is granted, it may be returned and tried in the proper court of the county where either may have his domicile."

The entire proceeding in the district court of Hall county respecting this matter is void. It had no jurisdiction. Murph v. Bass (Tex. Civ. App.) 276 S. W. 767; Friedrich v. Brand (Tex. Civ. App.) 28 S.W.(2d) 279, 282; Switzer v. Smith (Tex. Com. App.) 300 S. W. 31, 32, 68 A. L. R. 377; Smith v. Morgan, 28 Tex. Civ. App. 245, 67 S. W. 919; Hammack v. Schley (Tex. Civ. App.) 186 S. W. 872.

The jurisdiction of the district court to enjoin the issuance of an execution on an admittedly valid judgment of the county court is the only question necessary to pass on. It is not an open one.

The judgment is affirmed.