## R. E. KENNEDY v. STATE.

No. A-9003. March 6, 1936.
(55 Pac. [2d] 792.)

12

Harold Freeman, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

EDWARDS, P. J.    Plaintiff in error, hereinafter called defendant, was convicted in the county court of Canadian county of unlawfully transporting intoxicating liquor and was sentenced to serve a term of 60 days in the county jail and to pay a fine of $150. At the time charged defendant was apprehended by officers who had a search warrant for his automobile and upon search they found 66 pints of whisky. No question is raised as to the validity of the search warrant nor the sufficiency of the evidence to sustain the judgment. Defendant did not take the stand.

The only contention is that defendant did not have a fair trial for the reason the trial judge permitted himself to be called as a witness and testified in the case. During the trial defendant called the court clerk and had her identify the appearance bond purporting to be signed by defendant which was admitted without objection. The witness was asked in substance if defendant signed the bond and stated in substance she did not know but that she filed it. Over the objection of defendant the state then had the judge sworn by the court clerk and he was asked if he had personally seen defendant sign the bond and he answered he did. That was the sum and substance of the testimony.

It is now argued that a judge presiding in a trial of a criminal case may not be sworn to testify as a witness over the objection of an accused, citing Rogers v. State,

60 Ark. 76, 29 S. W. 894, 31 L. R. A. 465, 46 Am. St. Rep. 154; People v. Dohring, 59 N. Y. 374, 17 Am. Rep. 349; Maitland v. Zanga, 14 Wash. 92, 44 Pac. 117; Crawford v. Hendee, 95 N. J. Law, 372, 112 A. 668; State v. Sandquist, 146 Minn. 322, 178 N. W. 883; State v. DeMaio, 69 N. J. Law, 590, 55 A. 644; Powers et al. v. Cook, 48 Okla. 43, 149 Pac. 1121, L. R. A. 1915F, 766. See, also, 28 R. C. L. 468, § 56; 33 C. J. p. 1011, § 173; Powell v. State, 149 Ark. 311, 232 S. W. 429; Note Ann. Cas. 1913C, 254.

There is a division in the authorities. Some hold that a judge of a court of record before whom a case is tried with a jury cannot testify for one of the parties thereto. This seems to be the rule in the earlier cases. It has been modified somewhat in some of the later cases to the effect that a judge cannot testify on a material point at issue. This is the rule adopted by this court, State v. Lockridge, 6 Okla. Cr. 216, 118 Pac. 152, 45 L. R. A. (N. S.) 525, Ann. Cas. 1913C, 251, though the holding in that case was not necessary to a decision; Johnson v. Wells, 5 Okla. Cr. 599, 115 Pac. 375; Wigmore, Vol. III, page 2529, § 1909, wherein that eminent authority, after reviewing the cases and the arguments pro and con, says:

"The simple expedient of discarding the judicial capacity and not returning to the Bench during the same trial is with no real solution of the dilemma; because the modern and probably universal practice in this country constitutes the trial Court of but a single judge, or, in the rare instances where two are required (as sometimes in capital cases), renders both essential to the Court's constitution; nor, in the conditions everywhere prevailing, is another judge available on short notice for substitution. The practical result would usually be, then, either that the judge in the cause could not testify at all, or that the trial would be interrupted by postponement—the latter an inconvenient and highly objectionable alternative, because it might necessitate an entire re-trial.

"Coming, then, to the reasons set forth in the above quotation, it will be seen that one of them at least—the inability of the judge to administer the witness' oath to himself—is a petty obstacle (if it is one) which should rather be obviated (as it is in many jurisdictions) by a statute empowering the clerk to administer rather than by the clumsy solution of disqualifying the judge. Furthermore, as to some of the other reasons—such as the impropriety of the judge passing upon his own claim of privilege and the unseemliness of the judge being impeached for unveracity by the opponent—it may be said that these are the merest possibilities, that they may be trusted to be avoided through the combined good sense and discretion of counsel and judge, and that to establish a universal rule for the sake of rare contingencies is unpractical and unnecessary. The only real and remaining objections to the judges assuming the place of a witness seem to be, in the first place, that he would be put thereby into a more or less partisan attitude before the jury and would thus as a judge lose something of the essential traits of authority and impartiality; secondly, that his continuing power as judge would embarrass and limit the opposing counsel in his cross-examination of the judge-witness and would thus unfairly restrict the opponent's opportunity to expose the truth; and, thirdly (though this is itself inconsistent with the first reason), that the judge's official authority would impress his testimony upon the jury with special and unfair weight. In all these objections there is a modicum of truth. Yet is it necessary on that account to lay down a universal prohibition? The force of the objections would be most seen and would rise to an appreciable degree only when the judge became a principal witness,—as in the case put by King Henry IV, where the judge had been an eye-witness of a murder. In all such instances (which are rare enough) the usefulness of his testimony would be known beforehand, and his own discretion and the parties could be trusted to send the cause before another judge for trial. But in the ordinary instance the judge's testimony is desired for merely formal or undisputed matters, such as the proof of execution of

a certificate or of the administration of an oath or of a deceased witness' former testimony. To suppose here a danger that the inconveniences above noted would occur in any appreciable degree is to be unduly apprehensive. Military commanders do not train cannon on a garden-gate; and the law of evidence need not employ the cumbrous weapon of an invariable rule of exclusion to destroy an entire class of useful and unobjectionable evidence in order to avoid embarrassments which can easily be dealt with when they arise. Since the trial judge has no interest to subject himself or counsel or jury to these supposed embarrassments, it may properly be left to his discretion to avoid them, when the danger in his opinion arises, by retiring from the Bench before trial begun or by interrupting and postponing the trial and securing another judge.

"The precedents in this country are by no means harmonious, but some of them at least, as well as a statutory provision reproduced in several codes, seem to lay down the rule as above indicated."

In the instant case defendant was clearly guilty of the charge. At the time he was apprehended he was engaged in transporting a large quantity of whisky, so the sole question for our determination is, Did the trial judge by permitting himself to be called as a witness and by testifying as he did deprive defendant of a fair trial?

The obtaining a change of judge to preside in a trial should not be put in the power of the parties by subpoenaing a judge as a witness. Where a judge is to be used as a witness either for the state or for the defendant, the proper practice requires that he should be apprised of that fact in ample time before trial and in such case should certify his disqualifications and permit another judge to be selected to preside at the trial. A judge should decline to permit himself to be called as a witness where the matter concerning which he is called may be shown by some other

person, but if a judge is a material witness and either party desires in good faith to use him as a witness, such fact and the materiality of his evidence should be disclosed in due time before the case is called for trial.

In the instant case the testimony of the judge was entirely immaterial. It failed to shed any light on the guilt or innocence of defendant. He should not have been called by the state and should not have permitted himself to be called for the purpose for which he was called.

Upon a consideration of the entire record no material error is apparent and no reason appears why this court should interfere with the judgment.

The case is affirmed.

DAVENPORT and DOYLE, JJ., concur.