## JOHNSON v. WELLS, *County Judgs.*

### Opinion Filed May 9, 1911.

### (115 Pac. 325.)

1. MANDAMUS—Proceedings to Disqualify Judge—Time for Taking. Where an application for a change of judge, upon the ground of bias and prejudice, was presented to and acted upon by said judge on the 16th day of January, 1911, and the petition for an alternative writ of mandamus was not filed in this court until the 6th day of May, 1911, the writ will be denied.

2. SAME. When an attorney desires to secure a writ of mandamus to disqualify a judge upon the ground of prejudice, it is the duty of such attorney to present his petition therefor to this court promptly after the application for a change of judge has been presented to and acted upon by said judge.

3. JUDGES—Mandamus—Disqualification—Judge as Material Witness—Application. Where it is sought to disqualify a judge from trying a case upon the ground that such judge is a material witness in behalf of the defendant, the application for such change of judge and the petition for a writ of mandamus must clearly show wherein the testimony of said judge is material in the cause.

(Syllabus by the Court.)

Mandamus by G. A. Johnson against R. H. Wells, County Judge. Writ denied.

*Mr. Gibson*, for petitioner.

*Smith C. Matson*, Asst. Atty. Gen., for the respondent.

PER CURIAM. The petition for a writ of mandamus in these cases shows that the application for a change of judge was in each case presented to and acted upon by the respondent on the 16th day of January, 1911, but the petition for a writ of mandamus was not filed in this court until the 6th day of May, 1911, which was more than 90 days after respondent had declined to disqualify himself to act as judge in these cases. It is the duty of an attorney, when he desires to secure a writ of mandamus to disqualify a judge, to present his petition therefor to this court as soon after the judge has declined to disqualify himself as can be conveniently done. Counsel cannot file an application for a change of judge, and, after the judge has acted upon such application, allow the matter to rest until the case is about to be tried, and then use such application as a ground for a continuance. Counsel must be vigilant, if they desire the assistance of this court. We therefore hold that the petition for a writ of mandamus in these cases was not filed in this court in proper time.

· The petition further alleges that respondent is a material witness for the petitioner upon the trial of these cases. Even if the petition for a writ of mandamus had been filed in time, we could not disqualify respondent upon the bare allegation that he was a material witness for the petitioner. If so, we would place it within the power of any defendant to disqualify a judge in any case where he was willing to swear that such judge was a material witness in his behalf. If this ground is to be relied upon, the application for a change of judge must, by proper averments, show that such judge, as a matter of fact, is a material witness in said cause, and these allegations must be contained in the petition for a writ of mandamus to enable this court to determine as to whether a change of judge should be granted upon this ground.

For the reasons above stated, we decline to issue the alternative writ of mandamus prayed for.