# ARTHUR GOAD v. STATE.

No. A-6472.  Opinion Filed July 13, 1929.
(279 Pac. 927.)

J. G. Ralls, for plaintiff in error.

H. H. Cook, Co. Atty., and Paul N. Buford, Asst. Co. Atty., for the State.

CHAPPELL, J.  The plaintiff in error, hereinafter called defendant, was convicted in the county court of Atoka county on a charge of having possession of intoxi-

cating liquor, and was sentenced to pay a fine of $50 and costs taxed at $32.20, and be imprisoned in the county jail for a period of 30 days.

Defendant for his first ground of error alleges: "The court erred in overruling the motion to disqualify the presiding judge in this cause." When the case was called for trial, the defendant filed the following affidavit:

"Affidavit to Disqualify Judge.

"Comes now the defendant Arthur Goad, and respectfully shows to this Honorable Court that the presiding judge, to wit: Otis H. Presson is a material witness in behalf of this defendant, and shows that the defendant is charged with manufacturing and having in his possession what is commonly called 'Choctaw beer', and in truth and in fact the liquid seized by the officers was not Choctaw beer; that it was not fermented and was not intoxicating and did not contain one half of one per cent. of alcohol and in fact did not contain any alcohol at all. This defendant shows that the said Otis H. Presson sampled three of the bottles and knows and will testify that no fermentation had been had and that the same was not intoxicating and contained no alcohol and he is therefore a material witness in this case in behalf of this defendant.

"Arthur Goad.

"Subscribed and sworn to before me this the 8th day of November, 1926. W. H. Parker, Notary Public. My commission expires, August 14th, 1927. Seal. Endorsed. Filed in County Court Atoka County, Oklahoma, at Atoka, November 8, 1926. Ida Sloan, Court Clerk, by Louise Rainey, Deputy Court Clerk."

This application was overruled and the cause proceeded to trial before the judge sought to be disqualified in the application.

The question before the court is, Does the application set out sufficient facts to enable this court to say as a matter of law that it was prejudicial error for the trial judge to refuse to disqualify? This question has never been passed upon by this court.

In the case of Johnson v. Wells, County Judge, 5 Okla. Cr. 599, 115 Pac. 375, 376, this court said:

"Where it is sought to disqualify a judge from trying a case upon the ground that such judge is a material witness in behalf of the defendant, the application for such change of judge and the petition for a writ of mandamus must clearly show wherein the testimony of said judge is material in the cause. * * *

"The petition further alleges that respondent is a material witness for the petitioner upon the trial of these cases. Even if the petition for a writ of mandamus had been filed in time, we could not disqualify respondent upon the bare allegation that he was a material witness for the petitioner. If so, we would place it within the power of any defendant to disqualify a judge in any case where he was willing to swear that such judge was a material witness in his behalf. If this ground is to be relied upon, the application for a change of judge must, by proper averments, show that such judge, as a matter of fact, is a material witness in said cause."

In the case of State ex rel. Nowakowski v. Lockridge, 6 Okla. Cr. 216, 221, 118 Pac. 152, 154, (45 L. R. A. [N. S.] 525, Ann. Cas. 1913C, 251), this court said:

"In the case of Johnson v. Wells, 5 Okla. Cr. 599, 115 Pac. 375, an attempt was made to disqualify the county judge of Coal county upon the ground that he was a material witness for the defense; but this court refused to recognize this as being per se a ground of disqualification, and held that where this ground was relied upon the allegations contained in the petition must be such as to enable this court to determine as a matter of fact, that

such judge was thereby so disqualified. We now reiterate the statement that the mere fact that a judge may be a witness in a case does not, in and of itself, necessarily disqualify him from presiding in the trial of such case."

In the case of Powers et al. v. Cook, 48 Okla. 453, 149 Pac. 1121, 1122, L. R. A. 1915F, 766, that court had under consideration the precise question involved in this case and said:

"A trial judge of a court of record, before whom a cause is tried with a jury, cannot testify for one of the parties thereto, over the objection of the other, as to a material point at issue; and where, when the cause is called for trial, the plaintiff presents a proper application requesting him to disqualify on account of the fact that he will be used by the defendant as a witness on a material point at issue, which motion is overruled, and he then tries the case and testifies for the defendant on a material point at issue, his action in overruling said application is prejudicial error and fundamentally wrong. * * *

"The trial judge refused to disqualify himself, to which the plaintiff saved exceptions. Following this, the case was tried, and during the progress of the trial the trial judge took the witness stand and testified for the defendants on the question as to the alteration of the note sued upon. This testimony was material, and in fact the sole defense relied upon by the defendants in error. Objections were made to certain features of his testimony, and these objections were overruled by him while on the witness stand. In other words, he acted in the capacity of both judge and witness in the trial of this case. Plaintiff in error insists that this was prejudicial error, and that the trial judge should have sustained the motion to disqualify himself. * * * We have no statute authorizing a trial judge to testify in a case tried before him, and, in the absence of such a statute, we think he has no right to do so, over the objection of the parties against whom he testifies, and especially is this true where his testimony is material, as it was in this case. We

think this is the general rule. This question is discussed in 44 Cyc. p. 2234, wherein it is said:

" 'As a general rule the judge before whom a case is being tried is not a competent witness therein; but under some statutes the presiding judge is a competent witness for either party, and when called to testify he may, in his discretion, order the trial to be suspended and to take place before another judge, or to proceed before him.'

"And in vol. 17, Am. & Eng. Ency. L. pp. 724-725, it is said:

" 'The inclination of the courts has been to hold that when it is necessary for the conduct of the trial of a cause that one should act as judge, he may not be called from the bench to be examined as a witness.'

" 'It is error for a judge who is a member of the court, and necessary to make a duly constituted court, to become a witness in a case before the court, and if objection be made and exception taken, such error will be fatal to the judgment.'

"Greenleaf on Evidence (16th Ed.) 395, discussing this question, announces the rule to be:

" 'It may be proper to take notice of the case, where the facts are personally known by the judge, before whom the cause is tried, and whatever difference of opinion may once have existed on this point, it seems now to be agreed that the same person cannot be both witness and judge in a cause which is on trial before him.'

"See, also, Jones on Evidence (civil cases) 958; 3 Wigmore on Evidence, 25-26; 1 Chamberlain on Evidence, 745; Maitland v. Zanga, 14 Wash. 92, 44 Pac. 117; Rogers v. State, 60 Ark. 76, 29 S. W. 894, 31 L. R. A. 465, 46 Am. St. Rep. 154; People v. Dohring, 59 N. Y. 374, 17 Am. Rep. 349; Gray v. Crockett, 35 Kan. 66, 10 Pac. 452; Estes et al. v. Bridgforth, 114 Ala. 221, 21 So. 512; Shockley v. Morgan, 103 Ga. 156, 29 S. E. 694; Baker v.

Thompson, 89 Ga. 486, 15 S. E. 644; Dabney v. Mitchell, 66 Ala. 495; Morss v. Morss, 11 Barb. (N. Y.) 510; McMillen v. Andrews, 10 Ohio St. 112.

"The rule is announced in the Ency. of Evidence, vol. 3, p. 215, as follows:

" 'A judge of a court of record or a referee is not at common law a competent witness in a case pending before him on grounds of public policy.' "

In Powers v. Cook, supra, the court said:

"The trial judge in this case acted in two capacities, as judge and witness, passed upon objections to certain portions of his testimony, and, after he had finished testifying, returned to the bench and continued to try the case. To our minds, this was prejudicial to the rights of the plaintiff and fundamentally wrong, and, as was stated by Justice Folger, in the case of People v. Dohring, supra, 'because such practice, if sanctioned, may lead to unseemly and embarrassing results, to the hindering of justice, and to the scandal of the courts.' It tends to lessen the dignity of the court, and bring it into disrepute. It is well known to every practicing lawyer that the testimony of the trial judge, upon a material point, will outweigh the testimony of the ordinary witness, and to permit him to testify gives an undue advantage to the party for whom he testifies. It is wrong, both in principle and in morals."

There might arise occasions during the trial of the case when the judge could very properly testify upon some formal matter, such as identifying his signature, or as to some formal order made by him, but, where the defendant seeks to disqualify the trial judge upon the ground that he is a material witness in the case and sets out material facts which he expects to prove by the trial judge, the proper proceeding is for the judge to disqualify and permit a judge to be chosen as provided by law to preside in the case.

The defendant complains and vigorously argues in his brief that the court erred in allowing the sheriff and his deputies to testify to the reputation of the place where the liquor was found, without the state first establishing the fact that such place was a place of public resort. The quantity of liquor found by the officers made a prima facie case, and it was unnecessary for the state to introduce evidence of reputation to establish the intent. The fact that the defendant took the stand and himself testified to the large number of people who came and went to and from his place seeking the purchase of liquor made this evidence competent on rebuttal by the state.

For the reasons stated, the cause is reversed and remanded, with instructions to proceed with the trial of this case in accordance with this opinion.

EDWARDS, P. J., and DAVENPORT, J., concur.