STATE ex rel. Louis SMITH, L. W. Wiley, Steve Highers, Charles O. Hammers, Petitioners,

v.

Andrew WILCOXEN, District Judge of the Fifteenth Judicial District of Oklahoma, Respondent.

No. A–12478.

Criminal Court of Appeals of Oklahoma.

May 20, 1957.

Granville Scanland, Oklahoma City, Earl Boyd Pierce, Muskogee, Fred Green, Sallisaw, C. F. Bliss, Jr., Tahlequah, for petitioners.

Joe Cannon, County Atty., Muskogee County, Muskogee, for respondent.

BRETT, Presiding Judge.

This action was instituted by an original application by petition for writ of mandamus brought by Louis Smith, L. W. Wiley, Steve Highers, and Charles O. Hammers as relators against the Honorable Andrew Wilcoxen, Judge of the District Court of the Fifteenth Judicial District of Oklahoma, of which Muskogee County is a part. Said petition alleges, in part, that the relators were charged with committing unlawful acts as defendants by indictments returned in Muskogee County in the aforesaid District Court. It is further alleged that the grand jury returning said indictments was called, impanelled, and sworn by the respondent Judge, or by persons authorized by him so to do, to make inquiry into matters and things covered by the said indictments complained of by said relators. Moreover, the petitioners relate that several certain procedural acts by the respondent Judge in relation to the impanelling and swearing of said jury was contrary to law and of a material nature and affecting the validity of said indictments, all of which things will be called in question on the relators' motions to quash the indictments. It is further alleged that the said Judge will be called as a witness to establish facts in relation to his own judicial conduct and acts done in connection with the said grand jury. Furthermore, said petition alleges that the respondent Judge is disqualified by reason of bias and prejudice to hear said motions, particularly against relators Wiley and Smith.

To the said petition the respondent, Judge Andrew Wilcoxen, made response by un-verified general denial of bias and prejudice as to all the relators.

On the hearing of the issues thus joined, witnesses were sworn, proof offered, and argument of counsel heard. Briefly, the uncontroverted evidence taken on the petition disclosed that the trial judge caused the grand jury to be sworn in a manner that the relators assert was contrary to law. The Court finds that to say the least, the procedure adopted by the trial judge in so composing said grand jury is questionable under the law, and some features of said controversy may well require the testimony of the respondent, Judge Wilcoxen. Moreover, the proof further disclosed that in the past there have been strong personal differences between the respondent Judge and relators Louis Smith and L. W. Wiley. It is not necessary to detail the nature thereof, but it is of such character as would at least cover the proceedings with a cloud of suspicion of the possibility of bias and prejudice on the part of the Judge.

We are of the opinion that the first ground asserted, that the trial judge will be a material witness on the issues involved at the hearing on the relators' motions to quash the indictments is good, not alone on the bare allegations of the petition, Goad v. State, 43 Okl.Cr. 411, 279 P. 927, 929; 48 C.J.S. Judges § 93, p. 1092, notes 62–65, but upon the uncontroverted evidence produced on the hearing herein. This Court can readily perceive how the trial judge's evidence may be material to the determination of the validity of the indictments herein involved. Under such conditions, this Court might become an instrument of impediment to the ends of justice if we did not sustain the petition. To hold otherwise on this point could lead to unseemly and embarrassing results, denial of justice, scandal of the courts, lessen the dignity of them, and bring them into disrepute. As was said in Goad v. State, supra:

"A judge of a court of record or a referee is not at common law a competent witness in a case pending before him on grounds of public policy." But,

· * ·    *    *    *    *    *   ·

"There might arise occasions during the trial of the case when the judge could very properly testify upon some formal matter, such as identifying his signature, or as to some formal order made by him, but, where the defendant seeks to disqualify the trial judge upon the ground that he is a material witness in the case and sets out material facts which he expects to prove by the trial judge, the proper proceeding is for the judge to disqualify and permit a judge to be chosen as provided by law to preside in the case."

Such is the situation in the instant case presented by the relators' motions to quash the indictments. Where the acts of a trial judge are called in question, which would require him to not only sit in judgment concerning said acts but to pass upon the weight of his own testimony, the law seeks to avoid, not to encourage such procedure, where the judge's evidence is material and not as to some formal matter as has been referred to supra.

Furthermore, on the record herein made, we are of the opinion that because of the undisputed proof of past personal differences between the two hereinbefore designated relators and the respondent Judge, that substantial basis has been established for the claim of the Judge's disqualification. As was said in State ex rel. Larecy v. Sullivan, 207 Okl. 128, 248 P.2d 239, at page 244:

"Under Okl.Const. Art. II, Bill of Rights, Section 6, it is provided:

"'The courts of justice of the State shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation; and right and justice shall be administered without sale, denial, delay, or prejudice.'

and under Okl.Const. Art. VII, Section 2, it is provided that the original jurisdiction of the Supreme Court shall extend to a general superintending control over all inferior courts and by reason of these constitutional provisions it becomes the mandatory duty of this Court, when its jurisdiction is properly invoked, to see that justice is so administered.

"In State ex rel. Heard v. Sullivan, Judge, supra, [206 Okl. 43, 240 P.2d 1109] we said that where there are circumstances of such a nature as to cause doubts as to a judge's partiality, bias or prejudice, it is his duty to disqualify, notwithstanding the fact that he personally believes himself to be unprejudiced, unbiased and impartial.

"We are committed to the rule, Okl. Const. Art. II, Sec. 6, supra, that every litigant is entitled to nothing less than the cold neutrality of an impartial judge."

To say the least, administration of justice should be above suspicion.

By reason of the proof herein made, we are of the opinion the respondent, Judge Andrew Wilcoxen, is disqualified to determine the issues in the hereinbefore referred to cases and the writ of mandamus should immediately be issued directing Judge Wilcoxen to certify his disqualification to the Chief Justice of the Supreme Court of the State of Oklahoma that he is disqualified to act in said causes and that another Judge be assigned to hear said causes. It is ordered.

POWELL and NIX, JJ., concur.