THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SUSAN RYERSON, Appellant.— Order (oral) denying motion to suppress unanimously reversed and motion granted. Judgment unanimously reversed on the law and indictment dismissed. Memorandum: In June, 1965 a Rochester City Court Judge signed a warrant authorizing the search for narcotics of an apartment occupied by appellant and one DeLissovoy (33 A D 2d 640, companion appeal decided concurrently herewith). This action was taken on an affidavit made by a police officer wherein it was alleged that an envelope containing marijuana had been received from a "confidential source whose identity should not be disclosed for the purpose of safety of the individual; that in the past, information received from said confidential source had proved reliable." It is now established that such an affidavit must meet the following two pronged test: " (1) whether the informant is in fact reliable, and (2) whether the underlying circumstances as to how the informant came by his information demonstrates sufficient probability of credibility to allow the search of the premises or person in question." (*People* v. *Hendricks*, 25 N Y 2d 129, 133.) The affidavit herein fails to meet either of these tests and is fatally defective. It fails to disclose any information as to the facts upon which affiant based his conclusion that the unidentified informant was reliable and there was no separate objective checking of the informer's tale. Moreover, the proof at the suppression hearing revealed that so much of the affidavit as alleged that the envelope (containing suspected marijuana and delivered to affiant by the "confidential source ") had been received from Miss Ryerson's home in Rochester was an untruth. It had been seized from the mails by postal workers in North Carolina

after having been mailed by Miss Ryerson in Rochester. It is doubtful that these defects could be remedied at a further hearing but, in any event, we are precluded from taking such action (*People* v. *Hendricks, supra,* p. 139). (Appeal from judgment of Monroe County Court convicting defendant of violation of Penal Law, § 1751, subd. 2 and Public Health Law, § 3305.) Present — Del Vecchio, J. P., Marsh, Gabrielli, Moule and Bastow, JJ.