Charles Dale COSLOW, and Jo Ann Coslow, Plaintiffs in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16055.

Court of Criminal Appeals of Oklahoma.

Nov. 3, 1971.

Milton Keen, Max Moulton, Oklahoma City, for plaintiffs in error.

Larry Derryberry, Atty. Gen., Robert H. Mitchell, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiffs in Error, Charles Dale Coslow and Jo Ann Coslow, husband and wife, hereinafter referred to as defendants, were convicted by jury verdict of the misdemeanor offense of illegal possession of a stimulant, in the District Court of Oklahoma County, Case No. CRM–70–178. Judgment and sentence was imposed on March 30, 1970, and this appeal perfected therefrom.

Pursuant to a warrant to search the dwelling at ·206 Southeast Twenty-Third Street, Oklahoma City, Oklahoma, for marihuana, heroin, and/or other illegal narcotic drugs, police officers searched said premises and upon discovering amphetamine, a stimulant, arrested the de-

fendants. The stimulant so discovered was the basis of the conviction.

■  The initial issue presented for determination is the sufficiency of the affidavit for search warrant. The test for constitutional sufficiency of such an application based on the informant was set forth by the United States Supreme Court in Aguilar v. Texas, 378 U.S. 108, 114–115, 84 S.Ct. 1509, 1514, 12 L.Ed.2d 723 (1964) as follows:

"* * * the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant * * * was 'credible' or his information 'reliable.' Otherwise, 'the inferences from the facts which lead to the complaint' will be drawn not 'by a neutral and detached magistrate,' as the Constitution requires, but instead, by a police officer 'engaged in the often competitive enterprise of ferreting out crime,' * * * or, as in this case, by an unidentified informant."

In Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969) the United States Supreme Court further explained the *Aguilar* test and held an affidavit for search warrant insufficient because "Though the affiant swore that his confidant was 'reliable,' he offered the magistrate no reason in support of this conclusion." 393 U.S. at 416, 89 S.Ct. at 589. In view of *Aguilar* and *Spinelli,* this Court in Leonard v. State, Okl.Cr., 453 P. 2d 257 (1969) set forth this requirement:

"If based upon hearsay information of a reliable informant, it must contain positive language, under oath, setting forth *in detail* why the informant is deemed to be reliable in order that the magistrate can judicially determine whether the informant is, in fact, reliable, * * *" (Emphasis Added) 453 P.2d at 258.

██ The affidavit in the instant case alleges that marihuana, heroin and/or other illegal narcotic drugs are located at a certain address; that affiant has probable cause to believe such property is so located because he has received information from an informant used in the past that saw the above contraband; and that acting on this information the affiant made an investigation and found the above to be true.

This affidavit fails to meet the *Aguilar* test since it does not supply the factual details from which the magistrate can conclude the contraband was where the informant claimed they were, and the underlying circumstances from which the magistrate can conclude the informant was credible and his information reliable. The affidavit does not set forth in detail why the informant is deemed to be reliable in order that the magistrate may determine his reliability. It is the magistrate, not the affiant policeman, who must be persuaded from factual details that the informant is reliable. To secure a warrant the State must introduce evidence from which the magistrate may make an independent determination of reliability; it is not enough that an officer allege or testify that, in his opinion, the informant is reliable. People v. Johnson, 68 Cal.2d 629, 68 Cal.Rptr. 441, 440 P.2d 921 (1968).

In People v. Ryerson, 33 A.D.2d 639, 305 N.Y.S.2d 91 (1969), the allegation "that in the past, information received from said confidential source had proved reliable" was held insufficient because it failed to disclose facts showing that the "unidentified informant was reliable." In Sturgeon v. State, Okl.Cr., 483 P.2d 335 (1971), we held the allegation that the information was received from a confidential informant who has heretofore proved to be reliable was insufficient holding:

"The affidavit in the instant case recites informant observed contraband, but contains no details as to why the informant is deemed reliable which would enable the magistrate to judicially determine wheth-

er the informant was in fact reliable." 483 P.2d at 337.

An affidavit to be sufficient should set forth in detail the facts as to how and when and where the informant has been used previously and if his information was accurate. Only by supplying such facts can the magistrate judicially determine the reliability.

Furthermore, this affidavit is void of underlying circumstances or factual details as to when, how and where the informant saw the contraband. Seeing contraband months previously is hardly assuring that they are still so located. Also, an assertion of "personal knowledge" is insufficient without corroborative facts. United States v. Long, 439 F.2d 628, 630 (D.C.Cir., 1971). There must be "sufficient detail that the magistrate may know that he is relying on something more substantial than a casual rumor." Spinelli v. United States, supra, 393 U.S. at 416, 89 S.Ct. at 589.

It is possible to bolster the reliability of an informant's report "by a consideration of the allegations detailing the * * * independent investigative efforts" of the police. Spinelli v. United States, supra, 393 U.S. at 417, 89 S.Ct. at 589. Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959). However, this affidavit is also void of underlying circumstances or factual details describing the police investigation which found the informant's tip to be true. The question as to how the police establish the informant saw the marihuana, heroin and narcotic drugs is particularly interesting since none of said drugs were discovered during the search.[1] The affidavit does not relate that there was a police surveillance of the premises during a certain time period during which the informant was present and had the opportunity to see the contraband. There is no allegation the informant took a sample from what he saw for examination. In short, the magistrate must accept the policeman's conclusion that there was an investigation which showed the tip to be accurate since

---

1. Amphetamine is a stimulant which is not classified as a narcotic.

there are no details presented in the affidavit which would allow the magistrate to make such a conclusion. This does not meet constitutional standards. The magistrate "may not properly issue a warrant to search a private dwelling unless he can find probable cause therefor from facts or circumstances presented to him under oath or affirmation. Nathanson v. United States of America, 290 U.S. 41, 47, 54 S.Ct. 11, 78 L.Ed. 159 (1933). The issuance of a search warrant is a judicial act based on probable cause shown to the magistrate. That judicial responsibility cannot be abdicated to the affiant policeman, or an informer.

We therefore hold the affidavit in this case was constitutionally insufficient and the search thereon unreasonable.[2] Accordingly, the fruits of the search were inadmissible. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).

In connection with the lawfulness of the search another assignment of error requires comment. The motion to suppress the results of the search came on for hearing before Judge Jack C. Thorne, Special Judge of the District Court of Oklahoma County. Judge Thorne was also the magistrate who considered the affidavit for search warrant and issued the warrant. Counsel for the defendants announced that his first witness on the motion to suppress would be Judge Thorne and questioned the propriety of the judge presiding at the hearing being called as a witness. Nevertheless, the motion was not assigned to another judge and Judge Thorne testified as a witness concerning the search warrant application and the matters presented to him before he signed the warrant. After giving his testimony and hearing testimony from the affiant policeman, Judge Thorne overruled the motion upon finding the search warrant had been lawfully issued by him.

Generally, "a person cannot be both a witness and a judge in the same cause."

97 C.J.S. Witnesses § 105 b. In State v. Wilcoxen, Okl.Cr., 312 P.2d 187 (1957) this Court held:

"A judge of a court of record or a referee is not at common law a competent witness in a case pending before him."

There may be instances when a judge "should be heard as witness, but not as judge and witness both." Downey v. United States, 67 App.D.C. 192, 91 F.2d 223, 233 (1937). If a judge must be called as a witness, the cause should be assigned for hearing to another judge in order to prevent a judge from being a witness before himself. Otherwise, the presiding judge must weigh his own testimony as a witness and, as in the instant case, rule whether he acted properly and lawfully. When such self-review is not necessary, it should be avoided since "every litigant is entitled to nothing less than the cold neutrality of an impartial judge." State v. Wilcoxen, supra, 312 P.2d at 187.

Reversed and remanded.

BUSSEY, P. J., concurs.

---

2. In reaching our decision we have considered United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971).