Paul **GOODWIN**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–16041.

Court of Criminal Appeals of Oklahoma.

Nov. 10, 1971.

---

2. In reaching our decision we have considered United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971).

Paul Goodwin was convicted for the offense of Illegal Possession of Stimulants, and appeals. 

Keen & Moulton, Oklahoma City, for plaintiff in error.

Larry Derryberry, Atty. Gen., H. L. McConnell, Asst. Atty. Gen., for defendant in error.

## OPINION

BRETT, Judge:

Plaintiff in Error, Paul Goodwin, hereinafter referred to as defendant, was con-

victed by jury verdict of illegal possession of a stimulant and sentenced to the maximum of one year in jail and a.fine of $500.00 in the District Court of Oklahoma County, Case No. CRM–70–164. Judgment and Sentence was imposed on March 25, 1970, and this appeal perfected therefrom.

Defendant was charged with illegal possession of amphetamine, a stimulant, discovered as the result of a search of defendant's house on February 9, 1970, executed pursuant to a warrant to search the premises for marihuana and or narcotics. The initial question presented for decision is the sufficiency of the affidavit for search warrant.

The test for constitutional sufficiency of an affidavit for search warrant based on an informant was set forth in Aguilar v. Texas, 378 U.S. 108, 114–115, 84 S.Ct. 1509, 1514, 12 L.Ed.2d 723 (1964):

"* * * the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant * * * was 'credible' or his information 'reliable.' Otherwise, 'the inferences from the facts which lead to the complaint' will be drawn not 'by a neutral and detached magistrate,' as the Constitution requires, but instead, by a police officer 'engaged in the often competitive enterprise of ferreting out crime,' * * * or, as in this case, by an unidentified informant."

This test was further explained in Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), and by this Court in Leonard v. State, Okl.Cr., 453 P. 2d 257 (1969). These decisions require that the affidavit for search warrant must contain detailed facts as to why the informant is deemed reliable and his information credible.

The affidavit in the instant case alleges that marihuana and or other illegal narcotics are located at a certain address; that

affiant has probable cause to believe such property is so located because he has received information from an informant used in the past that saw the above contraband; and that acting on this information the affiant made an investigation and found the above to be true.

With the exception of the date and address this affidavit contains the identical language as the affidavit found to be constitutionally insufficient in Coslow v. State, Okl.Cr., 490 P.2d 1116 (1971). Even the affiant-policeman is the same. This appears to be a standard recitation. In the *Coslow* case we held:

"To meet the constitutional requirement of probable cause an affidavit for search warrant based on an undisclosed informant's information must set forth in detail facts which establish the informant's reliability and that his information is credible in order that the magistrate may judicially determine if the informant was reliable. Reliability of an informant may be shown by setting forth specific facts as to when, where, and how the informant was used previously and if his information proved to be accurate."

The affidavit herein fails the constitutional requirement since it does not supply factual details as to when, where, and how the informant was used previously in order to establish his reliability; the affidavit is void of underlying circumstances or factual details as to when, how and where informant saw the contraband; and further, the affidavit contains no circumstances or details describing the police investigation which allegedly found the informant's tip to be true. The question as to how the police established the informant saw marihuana and or narcotics is particularly interesting since neither were found during the search. This parallels the facts in the Coslow case where the affidavit alleges the police investigation found the tip to be true that certain drugs were on the premises although the search did not disclose those particular drugs.

A comparison of the affidavit herein with the affidavits found to be constitutionally insufficient in our prior decisions clearly indicates its failure to provide the facts and circumstances upon which a magistrate could judicially determine probable cause. See Sturgeon v. State, Okl.Cr., 483 P.2d 335 (1971); Leonard v. State, supra; Davis v. State, Okl.Cr., 453 P.2d 261 (1969); Webb v. State, Okl.Cr., 453 P.2d 262 (1969); and Limon v. State, Okl.Cr., 453 P.2d 263 (1969).[1]

The constitution requires that the magistrate determine probable cause from the facts presented to him and he may not merely accept the policeman's or informant's conclusion. The affidavit herein does not provide the necessary facts and is therefore constitutionally insufficient to support the search. Accordingly, the fruits of the search were inadmissible. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed. 2d 1081 (1961). Absent this vital evidence a conviction cannot be obtained.

Reversed and remanded with instruction to dismiss.

BUSSEY, P. J., concurs in result.

1. In the *Leonard* case, supra, the Affidavit stated.
"Affiant futher states that he has received information from an informant who has heretofore proven to be reliable that this house contains Marijuana."
In the *Davis* case, supra, the Affidavit stated:
"Affiant further states that he has observed known users of marijuana congregated at this residence, and that he has received information that there is a marijuana party going on at the residence at this time, this information being received from an informant heretofore proven to be reliable."
In the *Limon* case, supra, the Affidavit stated:
"Affiant further states that he has received information from a reliable source that the above subjects have in their possession marijuana; affiant further states that known narcotic users have been frequenting the above address."