James Milton BARNES, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–16590.

Court of Criminal Appeals of Oklahoma.

June 14, 1972.

Bay, Hamilton, Renegar & Lees, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Nathan J. Gigger, Asst. Atty. Gen., for appellee.

OPINION

BRETT, Judge:

Appellant, James Milton Barnes, hereinafter referred to as defendant, was convicted in the District Court of Oklahoma County, Case No. CRF 70–2123, of concealing stolen property, and sentenced to one year imprisonment in the county jail, and a fine of Five Hundred Dollars. Judgment and sentence was imposed on November 6, 1970, and this appeal perfected therefrom.

It is defendant's contention on appeal that the trial court erred in overruling his motion to suppress evidence on the grounds that the affidavit for a search warrant was constitutionally insufficient to provide probable cause for issuance of a warrant. We agree.

It was charged that the defendant and Larry Franklin Brunkhourst, acting conjointly, did on July 24, 1970, unlawfully conceal a 1950 Harley-Davidson 74 motorcycle, and altered the serial number thereof. Certain physical evidence, consisting of motorcycle parts identified by the testifying witnesses, was obtained by means of a search warrant. The affidavit, or application for search warrant, states that the defendant had at his residence certain property, three motorcycles, which constituted a criminal offense. As probable cause the affidavit states: Information received from an informant that has been used in the past and proven to be reliable that he observed the above listed property; officers made an investigation and found

this information to be true and correct. This affidavit is more significant for what it does not state, rather than what is alleged therein. There are no details as to how or when the informant had been used previously, or in what way he had proved to be reliable. There are no details as to when or how he saw the listed property. There are no details as to when or how officers made independent investigation. There are no details as to how the investigation disclosed that the informant's information was true and correct. In short, the affidavit is void of factual details from which to conclude that the informant was credible or his information reliable. Rather the information is nothing more than conclusionary statements.

■ The test for constitutional sufficiency of an affidavit for search warrant based on an informant was set forth in Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). The "magistrate must be informed of some of the underlying circumstances from which the informant concluded that the [contraband articles] were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant . . . was 'credible' or his information 'reliable.' Otherwise, 'the inferences from the facts which lead to the complaint' will be drawn not 'by a neutral and detached magistrate,' as the Constitution requires, but instead, by a police officer 'engaged in the often competitive enterprise of ferreting out crime,' . . . or, as in this case, by an unidentified informant." 378 U.S. at 114–115, 84 S.Ct. at 1514. This test was further explained in Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), and by this Court in Leonard v. State, Okl.Cr., 453 P.2d 257 (1969). These decisions require that the affidavit for search warrant must contain detailed facts as to why the informant is deemed reliable and his information credible.

As stated in Coslow v. State, Okl.Cr., 490 P.2d 1116 (1971):

"An affidavit to be sufficient should set forth in detail the facts as to how and when and where the informant has been used previously and if his information was accurate. Only by supplying such facts can the magistrate judicially determine the reliability."

In Goodwin v. State, Okl.Cr., 490 P.2d 1119 (1971), where the affidavit for search warrant was found to be constitutionally insufficient, the affidavit alleged that contraband was located at a certain address and that the affiant "has probable cause to believe such property is so located because he has received information from an informant used in the past that saw the above contraband; and that acting on this information the affiant made an investigation and found the above to be true." 490 P.2d at 1121. In that decision this Court stated:

"The affidavit herein fails the constitutional requirement since it does not supply factual details as to when, where, and how the informant was used previously in order to establish his reliability; the affidavit is void of underlying circumstances or factual details as to when, how and where informant saw the contraband; and further, the affidavit contains no circumstances or details describing the police investigation which allegedly found the informant's tip to be true." 490 P.2d at 1121.

■ It seems apparent from a reading of the affidavit in the instant case that it is void of factual details to support the conclusionary statements contained therein. It suffers from the same lack of details as the affidavits found to be constitutionally insufficient in the prior decisions of this Court.[1]

It might be well to note the recent decision of the United States Supreme Court in United States v. Harris, 403 U.S. 573,

1. Sturgeon v. State, Okl.Cr., 483 P.2d 335 (1971) ; Davis v. State, Okl.Cr., 453 P.2d 261 (1969) ; Limon v. State, Okl. Cr., 453 P.2d 263 (1969) ; Leonard v. State, Okl.Cr., 453 P.2d 257 (1969).

**410**

91 S.Ct. 2075, 29 L.Ed.2d 723 (1971), which held an affidavit for a search warrant to be adequate. In that case the affidavit recited (1) that the investigator-affiant's four-year investigation revealed defendant's reputation as a trafficker of non-paid distilled spirits; (2) that during this four-year period the investigator-affiant received numerous items of information from various people as to the defendant's activities; (3) that the local police had located a sizeable stash of illicit whiskey in a house under the defendant's control; (4) that on the date of the affidavit the investigator-affiant had received information from an informant, who feared for his life; (5) that the investigator-affiant had interviewed informant and found him to be a prudent person; and (6) that the informant swore that (a) informant had purchased illicit whiskey at defendant's residence for more than two years and most recently within the past two weeks, (b) the informant had knowledge of a person who had purchased illicit whiskey within the past two days from defendant's house, (c) the informant had personal knowledge that illicit whiskey had been consumed by purchasers in a certain out building, and (d) had seen defendant go to another out building near the residence on numerous occasions to obtain whiskey for other persons. The Supreme Court by upholding the conviction held that the affidavit contained sufficient detailed facts to provide probable cause to issue a search warrant. It is obvious that the affidavit upheld in United States v. Harris, supra, contained vastly more information and factual detail than are contained in the affidavit now before this Court. Although there was no majority opinion of the court in United States v. Harris, supra, we find nothing in the views expressed by the justices therein that would salvage the affidavit now before us.

Accordingly, for the reasons set forth above, we hold that the affidavit for search warrant was void of the constitutionally necessary underlying circumstances **and facts** to indicate that the informant was credible or his information was reliable. Therefore the trial court erred in overruling the defendant's timely motion to suppress, and the evidence obtained by the search was inadmissible. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). Absent this vital evidence a conviction can not be obtained. Therefore the judgment and sentence is hereby reversed and remanded with instructions to dismiss.

BUSSEY, P. J., and SIMMS, J., concur.