**Melvin V. JARVIS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17268.**

Court of Criminal Appeals of Oklahoma.

Feb. 28, 1973.

Nicholas D. Garrett, Lawton, for appellant.

Larry Derryberry, Atty. Gen., Nathan J. Gigger, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

Appellant, Melvin V. Jarvis, hereinafter referred to as defendant, was convicted in the District Court of Comanche County, Case No. CRF–71–158, with the offense of possession of marihuana and sentenced to three (3) years imprisonment. The judgment and sentence was imposed on April 11, 1971, and this appeal perfected therefrom.

It was charged by information that on March 30, 1971, the defendant and eight others were in joint possession of marihuana. The defendant was tried separately and convicted. The single assignment of error raised on appeal contends that the marihuana admitted at the defendant's trial, over objection, was the fruits of an unlawful search and seizure. The defendant argues that the search was conducted pursuant to a search warrant, which was issued pursuant to a constitutionally insufficient affidavit for search warrant. In reply, the State contends that the affidavit for search warrant was sufficient, or in the alternative that the defendant did not sustain his burden of proving the invalidity of the search.

After describing the residence to be searched at 1610 "D" Street in Lawton, Oklahoma, the affidavit for search warrant sets forth the following for probable cause to justify issuance of the warrant:

"the same being the residence of John Dow whose more full, true and correct name is unknown to affiant, there is located certain property particularly described as follows, to-wit: An unknown quantity of Marijuana which said property is subject to search and seizure as set out by the Laws of Oklahoma for the following grounds, to-wit: That the same is being used as the means of committing a felony and that the probable cause of affiant believing such facts exist as follows, to-wit: That affiant has been told by a reliable informant that said informant saw said marijuana and said Marijuana is located at said residence. That said informant has been proved to be reliable on previous occasions and has been working with the Lawton Police Department and has purchased, under the supervision of and for the Lawton Police Department, within the last week, illicit marijuana and has supplied affiant with information which has been checked out and proven to be true."

In holding the affidavit for search warrant to be constitutionally insufficient in Coslow v. State, Okl.Cr., 490 P.2d 1116, 1118 (1971), the Court stated:

"Furthermore, this affidavit is void of underlying circumstances or factual details as to when, how and where the informant saw the contraband. Seeing contraband months previously is hardly

assuring that they are still so located. Also, an assertion of 'personal knowledge' is insufficient without corroborative facts. United States v. Long, 142 U.S.App.D.C. 118, 439 F.2d 628, 630 (1971)."

The affidavit in the case before us does not disclose when or how the informant saw the marihuana. As pointed out in *Coslow,* the time when the contraband was observed is essential.

We therefore conclude that the affidavit was constitutionally insufficient, that the search pursuant thereto was unlawful, and that the fruits thereof were inadmissible. Accordingly, the judgment and sentence must be reversed and remanded with instructions to dismiss the charge.

BLISS, P. J., and BUSSEY, J., concur.