**Andy Leon YOUREE, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17076.**

Court of Criminal Appeals of Oklahoma.

March 21, 1973.

George W. Moser, Comanche, for appellant.

Larry Derryberry, Atty. Gen., Raymond Naifeh, Asst. Atty. Gen., for appellee.

OPINION

BRETT, Judge:

Appellant, Andy Leon Youree, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court

of Stephens County, Case No. CRF–71–31, for the crime of Possession of Marihuana. He was sentenced to serve a term of eighteen (18) months in the state penitentiary, and pay a fine of Three Thousand Dollars ($3,000.00); in accordance with the verdict of the jury, and a timely appeal has been perfected to this Court.

Appellant alleges seven propositions of error, but we need only to discuss the first of these, that being that it was error for the trial court to not suppress the evidence obtained by the search warrant.

The Affidavit on which the search warrant was issued was insufficient under our holding in Coslow v. State, Okl.Cr., 490 P.2d 1116 (1971).

The Affidavit for Search Warrant in the instant case states in part:

"* * * That affiant knows, because he has been informed by a previously reliable informant that the informant personally has seen various narcotics including Marihuana while in a one story brick dwelling * * * located at 2002 Walnut Street, Duncan, Oklahoma, * *.

"That affiant informant has previously given information to affiant on other occasions one of which led to the recovery of stolen batteries."

Further, we held in Coslow v. State, *supra*, that for an Affidavit to be sufficient, it must set out underlying circumstances or factual details as to when, how, and where the informant has seen the contraband. We held then that an assertion of personal knowledge without facts is not enough to support a search warrant. For the most recent comprehensive discussion of Affidavits based upon information received from a reliable informant, see Guthrey v. State, Okl.Cr., 507 P.2d 556.

The Affidavit in question here is completely void of factual details to substantiate the assertion based on the informant's personal knowledge. Therefore, it is insufficient and the fruits of the search are therefore inadmissible.

The judgment and sentence is, accordingly, reversed and remanded with instructions to dismiss.

BLISS, P. J., and BUSSEY, J., concur.