Alton Cooper OLIVER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–78–204.

Court of Criminal Appeals of Oklahoma.

July 26, 1979.

As Corrected Aug. 1, 1979.

Mary E. Bane, Oyler & Smith, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., William S. Flanagan, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

Appellant, Alton Cooper Oliver was convicted in the District Court, Oklahoma County, Case No. CRF–77–1423, of the crime of Unlawful Possession of Marihuana, After Former Conviction of Unlawful Distribution of Amphetamines, After Former Conviction of a Felony. Punishment was set at ten (10) years' imprisonment.

On appeal, the appellant asserts that the affidavit for a search warrant was insufficient to support the issuance of the warrant and that evidence seized thereunder was improperly admitted at trial. After describing the premises to be searched, the affidavit contained the following statement of probable cause:

"The affiant states that on 4–15–77, she was contacted by a confidential informant whom she has known for a period of six months and during this time the informant has advised her of narcotic dealers and users within the metropolitan city area, and the affiant further states that all information supplied her by the informant has proven to be true and correct and that at the present time there is one Wade Smith awaiting trial in Okla. County District Court. Mr. Smith's arrest was caused by information supplied by the confidential informant. The affiant further states on 4–15–77 the confidential informant advised her that they had been in the address of 2408 N. Miller

and had seen one Alton Cooper Oliver in possession of a large quantity of powdery substance known as 'crystal' which is known to be amphetamines."

The language in the affidavit is vague as to whether the date in the last sentence is that on which the contraband specified in the affidavit was viewed by the informant on the premises to be searched or the date the informant spoke to the affiant. The State contends that a common sense reading of the affidavit, leads one to conclude that the date is when the informant viewed the contraband on the premises to be searched. However, we are of the opinion that by any reasonable interpretation, the affidavit fails to state with any degree of certainty the date on which the informant viewed the contraband on the premises to be searched.

█ The appellant asserts that the failure to state this date is a fatal defect of both the affidavit and the warrant and we agree. See *Jarvis v. State*, Okl.Cr., 507 P.2d 918 (1973); *Griffin v. State*, Okl.Cr., 503 P.2d 567 (1972); *Coslow v. State*, Okl. Cr., 490 P.2d 1116 (1971). The inclusion of the date is not just a technical requirement, but is necessary to show probable cause that there is a reasonable expectation of finding the contraband there at the time of the search. If the viewing of the contraband is too far removed in time from the search, there is no probable cause for the issuance of the warrant, as there can be no reasonable expectation that the contraband will be found at the time and place of the authorized search.

We conclude that the affidavit was constitutionally insufficient in this case and that the subsequent search under the warrant supported by this affidavit was unlawful. Therefore, all evidence which was seized during the execution of this search warrant was inadmissible and should have been excluded at trial.

█ Likewise, and notwithstanding the fact that no objection was entered, it was highly improper for the prosecutor to have the officer read from the witness stand the return made on the search warrant. It could have had no other effect on the jury but to cause them to suspect that the defendant had in his possession large quantities of drugs. The State stipulated that no drugs were found other than the marihuana and especially that no drug crystals were found in the search, but the reading of the long list of unidentified items could have no other effect than to leave that impression. As an example are items such as two plastic bottles containing green capsules, Roche Librax; one plastic bottle containing orange and blue capsules, Lilly; two glass bowls containing a white powdery residue; one plastic bag containing two small white double scored tablets; one plastic medicine vial containing a saturated cotton pad, and two plastic bags containing an unknown white powdery substance.

In *Wing v. State*, Okl.Cr., 579 P.2d 196 (1978), the prosecutor elicited from an officer testimony concerning other pills that were known to the prosecutor and the witness to be aspirin, but through the testimony the jury was left with the impression that the pills might be listed in the Controlled Dangerous Drug List. In modifying the conviction we said:

" . . . We are of the opinion that the prosecutor's elicitation of the testimony concerning the pills was a tactic employed to prejudice the defendant. . . . an attempt by the prosecutor to convey an erroneous impression to the jury constitutes error. See *Neely v. State*, 60 Okl.Cr. 99, 61 P.2d 741 (1936)." (Emphasis original)

Therefore, for the foregoing reasons this conviction is *REVERSED*.